Ex parte González, Peticionario, v. Collazo, Opositor y Apelante.

Apelación procedente de la Corte de Distrito de Aguadilla.

No. 894.—Resuelto en mayo 20, 1913.

Desestimación de Apelación—Expediente Posesorio—Oposición—Jurisdicción del Tribunal Supremo.—De acuerdo con el párrafo 2 del artículo 295 del Código de Enjuiciamiento Civil, enmendado por ley de marzo 9, 1905, debe desestimarse una apelación contra resolución de una corte de distrito en un caso de oposición a que se declare justificada la posesión de una finca, promovido y decidido en una corte municipal y fallado en apelación en la de distrito, cuando la oposición se contrae a una finca valuada en cantidad menor de $300, o cuando el recurso ha sido interpuesto fuera del término de 15 días.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogados del apelado: *Sres. Reichard y Reichard.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El apelado en su alegato solicita la desestimación del recurso interpuesto en este caso, por falta de jurisdicción por parte de esta Corte Suprema para conocer del mismo.

El asunto se originó en la Corte Municipal de Lares y versa sobre oposición a una información posesoria de cuatro cuerdas de terreno valuadas en cantidad menor de trescientos pesos. Dictada sentencia por la corte municipal desestimando la oposición, se apeló el caso para ante la Corte de Distrito de Aguadilla, y resuelto por la corte de distrito en igual sentido, se apeló entonces para ante este Tribunal Supremo.

El artículo 295 del Código de Enjuiciamiento Civil, tal como quedó enmendado en 1905, Leyes de 1904, página 258 y Leyes de 1905, página 213, en lo pertinente, dice así:

"Artículo 295. Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de la corte de distrito en los casos siguientes: * * *.

"2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada la sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediere de trescientos dollars."

Y como en el presente caso el valor de la finca cuya posesión se trató de discutir aparece fijado según hemos dicho en cantidad menor de trescientos dollars, es necesario concluir que no tenemos jurisdicción para conocer del recurso y que éste debe ser en tal virtud desestimado.

Los autos demuestran además que aun aceptando que esta corte tuviera jurisdicción por razón de la materia en litigio, aun así procedería la desestimación del recurso por haberse interpuesto después de vencido el término que la ley concede para ello. Dicho término es de quince días para casos de esta naturaleza; la resolución se dictó el 6 de julio de 1912, y la apelación no se interpuso hasta el 26 de julio de 1912. Véase la decisión de la Corte Suprema de los Estados Unidos, de *Ex parte:* In the matter of William J. Dante, 228 U. S., 429, sobre *mandamus.* Debe desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.