# HINES v. HINES. (1)

---

APPEAL AND ERROR; RULES OF COURT; BILLS OF EXCEPTION; STATEMENTS OF EVIDENCE; DEATH.

1. The rules of the lower court and of this court relating to the time for settling bills of exception in actions at law, and statements of evidence in equity causes, are binding upon the court below, and govern in this court. (Following *Johnson-Wynne Co.* v. *Wright*, 28 App. D. C. 375 and *Murphy* v. *Gould*, 39 App. D. C. 363.)

2. The death of a party to an equity cause after he has entered an appeal and given an appeal bond, but before the expiration of the thirty-eight days within which his counsel has the right to present his statement of the evidence for settlement, does not of itself extend the time for the presentation of the statement of the evidence; and if the

time is allowed to expire for such presentation, the right of his legal representatives to present it is lost; and if thereafter presented and settled, it will be stricken out in this court on motion of the appellee.

No. 2748.   Submitted December 17, 1914.   Decided January 4, 1915.

MOTION by the appellees to strike out a statement of the evidence in a transcript of the record upon the ground that it was not presented to the trial court or signed within the time required by the rules of that court.          *Granted.*

The facts are stated in the opinion.

*Mr. Geo. H. Calvert, Jr., Mr. J. E. Archer,* and *Mr. J. L. Smith* for the. motion.

*Mr. W. G. Gardiner* and *Mr. L. L. Hamby* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is a motion by the appellees Charles A. Hines, Cora T. Heider, Leroy Gaddis, Jr., et al., to strike out the statement of evidence in the transcript because not presented to the trial court or signed within the time required by the rules of the court below.

It appears from the transcript that the bill was dismissed on May 13, 1914.   Plaintiff gave notice of appeal in open court and filed his appeal bond June 5, 1914.

Section 1 of rule 48 provides as follows:

"The bill of exceptions shall be prepared by counsel. If not settled before the jury retires, counsel tendering it shall give two days' notice in writing to opposing counsel of the time at which it is proposed to submit the same to the court to be settled, and shall also, at least eight days before the time designated in such notice, present to opposing counsel the proposed bill or a copy thereof.   The bill shall be submitted to

the court within thirty-eight days after judgment shall have been entered, unless the court shall, for cause shown, extend the time."

Section 5 of rule 5 of this court provides that the duty to condense and state the evidence in an equity cause tried in the court below shall rest primarily on the appellant, who shall prepare his statement thereof and present it to the trial court or judge within such time and with such notice to opposing counsel or parties as shall be prescribed by the rules of the supreme court of the District of Columbia; and if no such rule is prescribed, then in conformity with the requirements of the rules of said court relating to bills of exceptions.

Under this rule the preparation of the statement of evidence was required to be within the time prescribed in rule 48 aforesaid. It became the duty of the appellant to prepare the statement of the evidence within the time so provided.

On June 18 appellant died, and his heirs at law succeeded to his rights. The time for presenting and settling the statement of evidence expired on June 27, 1914. On July 1st the appellants procured an order substituting them in the place of the deceased appellant, and a further order extending the time for presenting the statement of evidence to August 11, 1914. On August 11 the time was extended to August 26, and on that date the time was further extended to October 6, 1914. The statement was submitted to the trial justice and by him approved October 13, 1914.

We are of the opinion that the statement was approved and filed too late. The appellant's counsel had sufficient opportunity to file the statement before the death of appellant, and might have done so afterwards before the expiration of the thirty-eight days given in the rule.

These rules are binding upon the court below, and govern in this court. *Murphy* v. *Gould,* 39 App. D. C. 363, 367; *Johnson-Wynne Co.* v. *Wright,* 28 App. D. C. 375.

Death of the plaintiff did not of itself extend the time for the presentation of the statement of evidence. As he died within the thirty-eight days, the time might then have been

extended for a reasonable period, to enable the preparation and presentation of the statement of evidence. It could not have the effect to indefinitely postpone the time of such presentation. *Ex parte Dante,* 228 U. S. 429, 57 L. ed. 905. 32 Sup. Ct. Rep. 579.

The trial justice was without authority at the time he approved the statement of evidence, and the motion must be sustained. It is ordered that the statement of evidence be stricken from the transcript. *Sustained.*