# EX PARTE: IN THE MATTER OF DANTE, COLLECTOR OF THE ESTATE OF HUTCHINS.

## IN MANDAMUS.

No. 15. Argued April 14, 1913.—Decided April 28, 1913.

The rules of the Court of Appeals of the District of Columbia were promulgated in pursuance of powers conferred upon the justices of that court by § 6 of the act of February 9, 1893, creating it.

Rule 10 providing that there shall be no review by the Court of Appeals of any order, judgment or decree of the Supreme Court of the District unless the appeal be taken within twenty days after the same is made, is the only rule governing such appeals, and there is no provision extending the time for taking or perfecting an appeal in the event of death of a party.

Rule 10 has been interpreted to include the perfecting of an appeal by filing the bond.

THE facts, which involve the construction of Rule 10 of the Court of Appeals of the District of Columbia prescribing the time within which appeals from the Supreme Court of the District must be taken, and the application of that rule to appeals where the judgment debtor has died within the prescribed period, are stated in the opinion.

*Mr. Edwin C. Brandenburg*, with whom *Mr. Clarence A. Brandenburg* and *Mr. F. Walter Brandenburg* were on the brief, for petitioner.

*Mr. Wharton E. Lester* and *Mr. Michael J. Colbert* for respondents.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

To a rule commanding the judges of the Court of Appeals of the District of Columbia to show cause why a

certain action should not be reinstated on the docket of the court and heard and decided upon its merits, return was filed and hearing had on the issues raised. Before passing upon those issues we set out the facts of the controversy.

On April 16, 1912, in an action pending in the Supreme Court of the District of Columbia, a verdict was returned in favor of the plaintiff, India Bagby, against Stilson Hutchins. After the filing of a motion for a new trial, and in arrest of judgment, and on Sunday, April 21, 1912, Hutchins died. On May 3, 1912, the trial court overruled the motions and entered judgment *nunc pro tunc* as of the date of the verdict. The rules required the taking of appeals to the Court of Appeals of the District within twenty days from a judgment, and, although no representative of the estate had been appointed, the former attorneys of Mr. Hutchins noted an appeal within the time limited, styling themselves "attorneys for the defendant, and on behalf of the executors named in his last will." Owing to a contest over the admission of such will to probate, William J. Dante was appointed collector of the estate on June 14, 1912, and soon afterwards was authorized to enter his appearance in the Bagby case, with authority to "take such steps as may be necessary to prosecute an appeal from the judgment entered therein." He then moved in the trial court to vacate and set aside the judgment against Hutchins upon the ground that the court was without power or authority in the premises, "inasmuch as the cause abated upon the death of said Stilson Hutchins; and upon the further ground that no one representing said estate had been appointed at the time of the hearing upon said motion or the entry of said judgment." On June 22, 1912, the trial court ordered the action revived in the name of Dante, as collector in the place and stead of Hutchins, but denied the motion to vacate the judgment. The order concluded as follows:

"The said William J. Dante, collector of the estate of Stilson Hutchins, by his attorneys, in open court, notes an appeal to the Court of Appeals of the District of Columbia," followed by a recital as to the penalty of the bond for costs. The citation which issued, dated June 24, 1912, required the appellee "to show cause, if any there be, why the judgment rendered against the said appellant should not be corrected and why speedy justice should not be done to the parties in that behalf." On June 25, 1912, a bill of exceptions was signed and made a part of the record containing the substance of the evidence taken at the trial in which judgment was entered against Hutchins. In the Court of Appeals counsel for Bagby moved to dismiss the appeal taken in the name of Hutchins because "futile;" and to dismiss the appeal taken in the name of collector Dante, on the ground that if it was from the judgment, it was too late, and if from the order refusing to vacate the judgment, that order was not appealable. The hearing of the motion was postponed to the merits. On January 6, 1913, however, after the cause had been argued on the merits, the court below granted the motion to dismiss the appeal of the collector, on the ground that the order allowing the appeal was from the decision on the motion to vacate the judgment and no appeal lay from such an order. On the state of facts just detailed, and the averment that the dismissal of his appeal without consideration of the merits of the judgment recovered by Bagby deprived the petitioner "of a substantial property right without due process of law," relief by mandamus was prayed, and we allowed a rule to issue.

From the answer to the rule it appears that the death of Hutchins was suggested to the trial court on April 23, 1912, and that on motion of the former attorneys of Hutchins the motions in arrest of judgment and for a new trial were continued to May 3 and on that day were overruled and the judgment entered *nunc pro tunc*. It is

also shown that from the organization of the Court of Appeals, pursuant to the powers conferred upon the justices of that court by § 6 of the act of Congress of February 9, 1893, creating the court, there was promulgated a rule known as Rule 10, in the first section of which it is provided as follows:

"No order, judgment, or decree of the Supreme Court of the District of Columbia, or of any justice thereof, shall be reviewed by the Court of Appeals, unless the appeal shall be taken within twenty days after the order, judgment, or decree complained of shall have been made or pronounced."

This rule is still in force and has been interpreted to include the perfecting of an appeal by filing bond, and is the only rule governing the time within which appeals from the Supreme Court of the District shall be taken or perfected; and there is no statute or rule which extends the time for taking or perfecting an appeal in the event of the death of a party to the cause. Under these circumstances we are of opinion that whatever may be the scope of the appeal noted by the collector, as the time for appealing from the judgment had expired long prior to the making of the order, the court did not err in dismissing the appeal. The rule, therefore, must be and it is discharged.

*Rule discharged.*