## HILL, ADMINISTRATOR, *v.* HAWES ET AL., TRUSTEES.

No. 4.  Argued December 6, 1943.—Decided January 3, 1944.

*Mr. Henry Lincoln Johnson, Jr.,* with whom *Mr. Thurman L. Dodson* was on the brief, for petitioner.

*Mr. John B. Gunion* for Francis L. Hawes, Trustee, respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This case presents important questions respecting the rule-making power of the United States Court of Appeals for the District of Columbia touching appeals to that court and the powers of the District Court of the United

States for the District of Columbia to vacate its judgments.

Rule 10 of the Rules of the Court of Appeals, as it stood when applied in this case, was:

"No . . . judgment . . . of the District Court of the United States for the District of Columbia, or of any justice thereof, shall be reviewed by the Court of Appeals, unless the appeal shall be taken within 20 days after the . . . judgment . . . complained of shall have been made or pronounced. . . ." [1]

In the instant case a judge of the District Court, after a hearing on a complaint and answer, on May 7, 1940, signed a judgment dismissing the complaint. The clerk noted the judgment in the docket. This entry, pursuant to Rule 79 (a) of the Rules of Civil Procedure, made the judgment effective at the date of entry. (See Rule 58.)

The twenty-day period for appeal expired May 27 but no notice of appeal was filed until June 3. Rule 77 (d) of the Rules of Civil Procedure imposed on the clerk the duty, immediately upon the entry of the judgment, to send notice of such entry, in the way specified by Rule 5, but it is agreed that no such notice was sent.

June 6 the petitioner filed a motion to enter judgment and to direct the clerk to notify the parties. The reasons stated in support of the motion were that the clerk had failed to enter the day or the month of the judgment as required by the rules of court and had failed to notify the parties. The motion was not acted on until June 24, when the court denied it.

In the meantime, on June 13, the trial judge ordered the judgment of May 7 vacated "for the reason that the clerk failed under Rule 77 (d) of the Rules of Civil Procedure to serve a notice of the entry of judgment by mail on the plaintiff . . . and to make a note in the docket of the

---

[1] February 1, 1941, the rule was amended to substitute a period of 30 days for the 20 days theretofore provided.

mailing." The same day the judge signed and filed a second judgment in the same terms as that of May 7, which was duly noted in the docket. The petitioner filed a notice of appeal from this judgment on June 14. The respondent moved to dismiss the appeal as taken out of time. The court below granted the motion and dismissed the appeal.[2]

The petitioner urges that the rule of the court below fixing 20 days as the period within which appeal may be taken is contrary to law and that, even though the rule is valid, the appeal was timely because taken within 20 days of the judgment finally entered.

*First.* We hold that Rule 10 of the Court of Appeals is within the competence of that court. The court was established by the Act of February 9, 1893,[3] which, in § 6, empowered it to "make such rules and regulations as may be necessary and proper for the transaction of the business to be brought before it, and for the time and method of the entry of appeals." The Act of July 30, 1894,[4] amended § 6 to read that the court might make "such rules and regulations as may be necessary and proper for the transaction of its business and the taking of appeals to said court." Both of these statutes were later than the Act of March 3, 1891,[5] which created circuit courts of appeals and provided for appeals to such courts within six months after the entry of judgment. The Judicial Code adopted March 3, 1911,[6] did not alter or enlarge the provisions of the Act of March 3, 1891, *supra*.

In *Ex parte Dante,* 228 U. S. 429, decided April 28, 1913, this court affirmed the validity of Rule 10. This decision necessarily imports that the statute conferring power on

[2] 132 F. 2d 569; 76 U. S. App. D. C. 308.

[3] c. 74, 27 Stat. 434.

[4] c. 172, 28 Stat. 160.

[5] c. 517, § 11, 26 Stat. 826, 829.

[6] 36 Stat. 1087.

the Court of Appeals to set the time for appeal was not superseded by the legislation creating and defining the jurisdiction of circuit courts of appeals. No reference is made to the United States Court of Appeals for the District of Columbia in § 8 (c) of the Act of February 13, 1925, which reduced to three months the time within which to take appeals to the circuit courts of appeals.[7] The Federal Rules of Civil Procedure have not altered statutory provisions respecting the time for taking appeals from district courts. It follows that the court below possesses the statutory power to set the time within which an appeal from the District Court must be taken.

*Second.* It goes without saying that the District Court could not extend the period fixed by Rule 10. The respondent urges that the vacation of the judgment of May 7, and the entry of a new judgment on June 13, amounted merely to an attempted extension of the time for appeal; that judgment was duly entered and became final on May 7; that the clerk's neglect to comply with Rule 77 (d) in the matter of notice does not affect its validity or its finality, and that the notice of appeal of June 14 was consequently out of time and the court below properly dismissed the appeal on that ground. We cannot agree.

It is true that Rule 77 (d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule. The Federal Rules of Civil Procedure permit the amendment or vacation of a judgment for clerical mistakes or

---

[7] c. 229, 43 Stat. 936, 940.

errors arising from oversight or omission and authorize the court to relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise or excusable neglect. (See Rule 60 (a) (b).) These rules do not in terms apply to the situation here present, as the court below held. But we think it was competent for the trial judge, in the view that the petitioner relied upon the provisions of Rule 77 (d) with respect to notice, and in the exercise of a sound discretion, to vacate the former judgment and to enter a new judgment of which notice was sent in compliance with the rules. The term had not expired and the judgment was still within control of the trial judge for such action as was in the interest of justice to a party to the cause.

The judgment is reversed and the cause is remanded to the court below for further proceedings in conformity with this opinion.

*Reversed.*

Mr. Chief Justice Stone, dissenting:

I do not understand that the Court rests its decision on the ground that Rule 77 (d) of the Rules of Civil Procedure makes notice of entry prerequisite to the finality of the judgment for purposes of appeal. If it does, most else that is said is unnecessary to the decision. In any case what is said seems to me to be untenable in principle and without support in authority.

To say that a district court can rightly extend the prescribed time for taking an appeal by the reëntry, pro forma, of a final judgment after the time to appeal from it has expired, is to disregard considerations of certainty and stability which have hitherto been considered of first importance in the appellate practice of the federal courts. It is to sanction the regulation of the time for appeal by courts, contrary to the appeal statute, and without support in law or any rule of court. Rule 60, which permits

amendment of the judgment or relief of a party from it, in circumstances not here present, gives no warrant for enlarging the time for appeal by reëntry of a judgment which is not amended and from no part of which any party has been relieved.

In the federal courts there is no right to appeal save as it is granted by Congress or a rule of court which is authorized by Congress and has the force of law. See *Heike* v. *United States,* 217 U. S. 423, 428; *Ex parte Dante,* 228 U. S. 429, 432. It is in the public interest, and it is the very purpose of limiting the period for appeal, to set a definite and ascertainable point of time when litigation shall be at an end unless within that time application for appeal has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. *Matton Steamboat Co.* v. *Murphy,* 319 U. S. 412, 415.

That purpose is defeated if judges may enlarge the time for appeal beyond the period prescribed by law, whether by an order purporting directly to extend it or by reëntry, without change, of a judgment which has already become final. It is for that reason that this Court has consistently ruled that no federal judge or court possesses the power to extend the time for appeal beyond the statutory period by any form of judicial action which falls short of a reconsideration of the provisions of the judgment in point of substance so as to postpone its finality.

The decisions are numerous and diligence of court and counsel has revealed no exceptions. *Credit Company* v. *Arkansas Central Ry. Co.,* 128 U. S. 258, is representative of the unbroken current of authority. There, in dismissing an appeal as untimely the Court, speaking by Mr. Justice Bradley, said at page 261: "The attempt made, in this case, to anticipate the actual time of presenting and filing the appeal, by entering an order *nunc pro tunc,* does not help the case. When the time for taking an

appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

At the last term of Court we held that the reëntry of its final judgment by a state appellate court, with only formal changes not affecting any matter adjudicated, did not enlarge the time to appeal to this Court. *Department of Banking* v. *Pink*, 317 U. S. 264. And at the same term we held that a motion to amend a final judgment would not toll the time for appeal unless the amendments proposed were of substance rather than form, *Leishman* v. *Associated Electric Co.*, 318 U. S. 203, 205–6—an inquiry which presupposed that reëntry of the judgment without formal change could not enlarge the time. To the same effect are *Pfister* v. *Northern Illinois Finance Corp.*, 317 U. S. 144, 149–51; *Zimmern* v. *United States*, 298 U. S. 167. And in *Wayne Gas Co.* v. *Owens-Illinois Glass Co.*, 300 U. S. 131, 137, this Court, citing *In re Stearns & White Co.*, 295 F. 833; *Bonner* v. *Potterf*, 47 F. 2d 852, 855; *United States* v. *East*, 80 F. 2d 134, 135, declared that where it appears that a rehearing has been granted only for the purpose of extending the time of appeal the appeal must be dismissed—a statement equally applicable to the reëntry of the judgment solely for that purpose.

Petitioner, by the exercise of the diligence required by the Federal Rules of Civil Procedure could have learned of the entry of the judgment against him and have taken a timely appeal. His case is not hard enough to afford even the proverbial apology for our saying that federal judges, by the reëntry of a judgment for no other purpose, are free to make a dead letter of the statutory limit of the period for appeal.

Mr. Justice Murphy concurs.