IN THE MATTER OF THE ESTATE OF ROBERT E. NUESE, DECEASED.

Argued March 15, 1954—Decided April 5, 1954.

*Mr. Thomas V. Jardine* argued the cause for the appellant Robert E. Nuese (*Messrs. Carey, Schenk & Jardine*, attorneys).

*Mr. Verling C. Enteman* argued the cause for the trustee-respondent Irving Trust Company (*Messrs. McCarter, English & Studer*, attorneys).

The opinion of the court was delivered by

BURLING, J.   This appeal emanates from a probate matter, settlement of a trustee's account, but involves solely an adjective question relating to appellate practice and procedure. The Irving Trust Company, trustee under the will of Robert E. Nuese, deceased (hereinafter called the trustee), filed its first and final account (of that portion of the decedent's estate known as the Frances B. Nuese Trust) in the Essex

County Court, Probate Division. Exceptions were filed by Robert E. Nuese (hereinafter called the exceptant), the sole living beneficiary of the trust estate. Trial was had and after protracted post-trial proceedings, the County Court judge having filed his opinion on April 2, 1953, *In re Nuese's Estate*, 25 *N. J. Super.* 406 (*Essex Cty. Ct.* 1953), judgment was entered on June 17, 1953. On September 1, 1953 the exceptant's counsel filed a notice of appeal. The Superior Court, Appellate Division, by order dated September 22, 1953 dismissed the appeal on motion of the trustee, stating in a letter memorandum "Had we the power to do so, we would have extended the time for appeal." The exceptant petitioned this court for certification, which was allowed, 14 *N. J.* 14 (1953).

The sole question involved on this appeal is whether the Superior Court, Appellate Division, erred in dismissing the exceptant's appeal. We are of the opinion that the notice of appeal to the Superior Court, Appellate Division, was not filed within the period required by the pertinent rules and that no special equities exist in exceptant's behalf. Therefore the dismissal of the appeal was proper.

## The Rules

To take an appeal in a case such as this an appellant was required to complete both the service and the filing (see former *Rule* 1:2–4(a) as amended January 1, 1952, now *R. R.* 1:2–8(a)) of his notice of appeal from the judgment of the County Court within 45 days after the entry thereof. Former *Rule* 1:2–5(a), as amended January 1, 1952 (now *R. R.* 1:3–1(b)), applicable to appeals to the Superior Court, Appellate Division, under former *Rules* 4:2–4 and 4:2–5 (now *R. R.* 2:2–5 and *R. R.* 2:3). Former *Rule* 1:2–5 originally provided that the running of the time for taking an appeal was initiated by the "*entry* of the judgment, order or determination appealed from." (Emphasis supplied.) Although former *Rule* 1:2–5, *supra*, was amended December 7, 1950 and January 1, 1952, in other respects,

this provision remained unchanged, and it has been continued verbatim in *R. R.* 1:3–1. The importance of this provision is emphasized by the exception contained in former *Rule* 1:2–5, *supra*, as originally adopted, concerning agency decisions. *Subparagraph (f)* of the original former *Rule* 1:2–5, *supra*, provided that the period as to agency decisions should be 30 days "* * * except here the time shall run from the date of the *service* of the decision of the agency." (Emphasis supplied) Further emphasis is indicated by former *Rule* 1:2–6 relative to tolling of time for appeal. The running of the time for appeal was not tolled by failure to serve notice of entry of judgment, either by the original rule or the amendments thereto of June 7, 1951, January 1, 1952 and January 1, 1953, nor is there such a provision in *R. R.* 1:3–3 (the ·present counterpart of former *Rule* 1:2–6, as amended, *supra*). In addition, former *Rule* 3:58, now *R. R.* 4:59, analogous to *Federal Rules of Civil Procedure, Rule* 58 (differing only in particulars not here pertinent), provides "The notation of a judgment in the civil docket * * * constitutes the *entry* of the judgment" (emphasis supplied) and the clerk of the court is required to enter the judgment "forthwith" on the signing of the judgment. Under *Federal Rule* 58, *supra*, the clerk's notation in the docket initiates the running of the time for appeal. *Eg., United States v. Wissahickon Tool Works, Inc.*, 200 F. 2d 936 (*C. C. A. 2* 1952). Former *Rule* 3:58, *supra*, was applicable to the County Courts under former *Rule* 5:2–1, both as originally adopted and as amended January 1, 1952; and *R. R.* 4:59, *supra*, is now applicable to the County Courts under *R. R.* 5:2–1. In the light of these provisions, this court, in *In re Pfizer*, 6 *N. J.* 233, 239 (1951) held as follows:

"It may well be that to require a dismissal of this appeal will work a hardship upon the respondents, but such a situation can afford no relief for it is a well established principle in this State that when the time for taking an appeal has run the parties to a judgment have a vested right therein which cannot subsequently be taken from them. *Plahn v. Givernaud*, 85 *N. J. Eq.* 143 (*E. & A.* 1915) ; *Shade v. Colgate*, 3 *N. J.* 91 (1949)."

The necessity for compliance with the rules relating to the time for appeal also has been stressed in *Korfin v. Continental Casualty Co.*, 5 *N. J.* 154, 157 (1950).

The exceptant, however, contends that the *Pfizer* case, *supra*, does not settle the construction of former *Rule* 3:5–1, as amended November 10, 1949 and January 1, 1952 (now *R. R.* 4:5–1) and former *Rule* 3:102–7, as amended September 15, 1948 (now *R. R.* 4:118–8), and that by virtue of these rules the running of the time for appeal is in effect stayed until service of *notice* of entry of judgment.

Former *Rule* 3:5–1 as amended November 10, 1949 and January 1, 1952, *supra*, and now *R. R.* 4:5–1, *supra*, provide:

"Unless otherwise directed by the court, every order and judgment, every pleading subsequent to the original complaint, every written motion, other than one which may be heard *ex parte*, and every written notice, appearance, demand, brief or memorandum of law, offer of judgment, bill of costs, and similar paper, other than a judgment signed by the clerk, shall be served upon each of the parties affected thereby, but no service need be made on parties in default for failure to appear except that pleadings asserting new or additional clauses* for relief against them shall be served upon them in the manner provided for service of summons." (*Former *Rule* 3:5–1 as amended used the word "claims".)

Former *Rule* 3:102–7, as amended September 15, 1948 (*cf. R. R.* 4:118–8, *supra*) provided:

"Immediately upon the entry of an order or judgment, the clerk in the manner provided by Rule 3:5* shall serve a notice of the entry by mail, except that it need not be sent by registered mail and a return receipt need not be requested, upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. Such mailing is sufficient notice *for all purposes for which notice of the entry of an order or judgment is required by these rules*; but any party in addition *may* serve a notice of such entry in the manner provided in Rule 3:5* for the service of papers. *Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed.*" (Emphasis supplied)

\* *Note: R. R.* 4:118–8 deletes from the first sentence of this rule the phrase "in the manner provided by Rule 3:5." In the second sentence the reference remains but is changed to 4:5.

These rules (former *Rules* 3:5–1 and 3:102–7, as amended, *supra*, now *R. R.* 4:5–1 and *R. R.* 4:118–8) are *in pari materia*, not only with each other, but with the rules, hereinbefore discussed, concerning entry of judgment and time for appeal. The clear import of these rules is that for the purposes of appeal the service of the *notice* of entry of judgment is not a *sine qua non*. Former *Rule* 3:102–7, as amended (now *R. R.* 4:118–8), *supra*, expressly so declares in unmistakable terms.

The history of former *Rule* 3:102–7, as amended (now *R. R.* 4:118–8) *supra*, supports the foregoing conclusion. The *Tentative Draft of the Rules*, circulated early in 1948, expressed the substance of *Rule* 3:102–7, as amended, *supra*, in the following language:

"Immediately upon the entry of an order or judgment the clerk shall mail a notice of the entry to the attorney for every party affected thereby who is not in default for failure to appear, or if such a party appears for himself, then to the party. The notice shall be mailed to the address of the attorney, or party, appearing on the endorsement of the last paper filed in the action on behalf of the parties; and the clerk shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order or judgment is required by these rules; but any party in addition may serve a notice of such entry in the manner provided in Rule 3:5 for the service of papers. Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rules 1:2–3 and 4:2–4."

The *Tentative Draft* discloses the following comment:

"1. This is Federal Civil Rule 77(d) as amended. The new practice is better than that provided for under R. S. 2:29–6 under which parties had to take notice at their peril of the pronouncement and signing of decrees.

2. Service of orders and judgments is required by Rule 3:5–1."

The *Tentative Draft* comments on former *Rule* 3:5–1 (now *R. R.* 4:5–1) contain comparable expressions concerning an intent to moderate (but not to abolish *in toto*) the former procedure of the statute, *R. S.* 2:29–6, *supra*, which provided:

"Parties to suits in Chancery shall take notice, at their peril, of the filing of all pleadings, and of the pronouncement and signing of decrees."

Thus it was that the hope that the notice provision would relieve the harshness of the statutory rule was expressed, although specific construction of the rules, especially former *Rule* 3:102–7, as amended, *supra,* was not made, in *Royal Blue Coaches, Inc., v. Delaware, &c., Lines, Inc.,* 2 *N. J.* 73, 77 (1949). *However neither former* Rule *3:102–7,* supra, *nor the* Tentative Draft *comment thereon or on former* Rule *3:5–1,* supra, *indicated any intent to condition the finality of a judgment for purposes of appeal upon such notice. Thus it was clearly indicated that the notice was an aid to counsel and not a condition of the judgment upon which the time for appeal was based.*

The United States Supreme Court construed the *original Federal Civil Rule* 77(*d*), *supra,* in *Hill v. Hawes,* 320 *U. S.* 520, 64 *S. Ct.* 334, 523, 88 *L. Ed.* 283, 285–286 (1944), to mean that although judgment was final for other purposes it lacked finality for the purpose of initiating the running of the time within which appeal must be taken where the notice of entry of judgment had not been given. *Hill v. Hawes, supra* (64 *S. Ct.,* at *p.* 336, 88 *L. Ed.,* at *pp.* 285–286), held:

"It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule."

However, the sentence "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed" is contained in *R. R.* 4:118–8, *supra,* and was contained in former *Rule* 3:102–7, as amended, *supra,* with-

out any reference to rules comparable to *Tentative Draft Rules* 1:2–3 and 4:2–4 (which references, to rules relating to tolling the period of appeal, were contained in the *Tentative Draft*). In passing it is observed that *Tentative Draft Rule* 1:2–3 (*a*), which was not included in former *Rules* 1:2–5 or 6, contained an exception.relating to notice of entry of judgment, namely:

"* * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the Appellate Division may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

*Tentative Draft Rule* 4:2–4 contained no such exception and no comparable provision was promulgated in the rules effective September 15, 1948.

The original *Federal Civil Rule* 77(*d*) did not contain the clause concerning the effect of lack of notice of entry of the judgment. See 3 *Moore's Federal Practice* (1938), *p.* 3412. The *Hill* case, *supra*, construing original *Federal Civil Rule* 77(*d*), *supra*, was decided in 1944. Thereafter, on December 27, 1946, effective March 19, 1948, *Federal Civil Rule* 77(*d*), *supra*, was amended by the insertion of the above quoted sentence (*i. e.*, the one now contained in *R. R.* 4:118–8, *ante*). No construction thereof pertinent to this question subsequent to that amendment appears to have been pronounced by the federal courts (see 28 *U. S. C. A., Federal Rules Civ. Proc. Rule* 77 and annotations thereto).

The 1946 amendment to *Federal Rule* 77(*d*), *supra*, clearly was designed to overcome effect of *Hill v. Hawes, supra*. This is a reasonable interpretation of the language used, and it was expressly so declared by the Federal Advisory Committee notes on *Rule* 77(*d*) as amended. See 2 *Waltzinger, New Jersey Practice* (1949), *p.* 1162. This amendment was expressly stated by the federal committee to be intended to protect the finality of judgments and therefore to confine the rule to one of courtesy rather than one affecting finality of judgments. This interpretation of our own rule was expressed in Waltzinger's comments published in 1949, *i. e.*,

2 *N. J. Practice, supra, Rule* 3:102–7, *Author's Comment, page* 1161, namely:

"\* \* \* This rule provides that lack of notice from the clerk does not affect the time to appeal meaning that the time to appeal continues even though the party has not received notice from the clerk. *If an appeal is contemplated it is advisable to make an independent check of the actual date of entry of an order or judgment.*" (Emphasis supplied)

The reference in the amended *Federal Rule* 77 (*d*), *supra,* to *Federal Rule* 5, and the counterpart reference in former *Rule* 3:102–7, as amended (now *R. R.* 4:118–8), *supra,* to former *Rule* 3:5 (now *R. R.* 4:5), *supra,* does not alter these conclusions. *Federal Rule* 5 (*a*) provided for service of an order where the terms of the order required service, but *Federal Rule* 77 (*d*), as amended, *supra,* expressly used the words that a party "*may* in addition serve a notice of such entry [of order or judgment] *in the manner* provided in *Rule* 5 for the service of papers" (emphasis supplied), and therefore clearly was intended to be permissive and not mandatory. Our former *Rule* 3:5–1 (*cf. R. R.* 4:5–1), *supra,* in the *Tentative Draft* differed from *Federal Rule* 5 (*a*), *supra,* and provided: "Unless otherwise directed by the court, every order and judgment \* \* \* shall be served upon each of the parties affected thereby \* \* \*." This portion of the tentative rule (3:5–1) was adopted without change. The amendments of November 10, 1949 and January 1, 1952 to *Rule* 3:5–1, *supra,* have no bearing on the questions here involved and did not alter the above quoted language. The *Federal Rule* 5 (*a*), *supra,* and our former *Rule* 3:5–1, originally and as amended (now *R. R.* 4:5–1), *supra,* however do not provide that failure to serve the order (or judgment), or notice thereof, delays the running of time for appeal. (Compare *Tentative Draft Rule* 1:2–3 (*a*), quoted *ante*). Further our former *Rule* 3:102–7, as amended (now *R. R.* 4:118–8), *supra,* made service by a party of notice of entry of judgment on other parties permissive, *viz.,* "any party in addition *may* serve a notice of such entry in the manner provided in Rule 3:5 for the service of papers." This ex-

pression is the same as the comparable phrase in *Federal Rule 77(d)*, as amended, *supra*. There was no express reference to former *Rule 3:5-1* (now *R. R. 4:5-1*), *supra*, but merely to the *general Rule 3:5* (now *R. R. 4:5*) entitled "Service and Filing of Pleadings and Other Papers." *Clearly if the mandatory sense of* Rule *3:5-1, as amended (now R. R. 4:5-1),* supra, *was intended to apply to the notice of entry of judgment under former* Rule *3:102-7, as amended (now* R. R. *4:118-8),* supra, *for purposes of appeal, the latter rule would have expressly referred to that specific rule rather than referring suggestively* (i. e., *for manner of service only) to the general former* Rule *3:5 (now* R. R. *4:5),* supra.

The exceptant asserts that former *Rule 3:60-2* (now *R. R. 4:62-2*) affords an avenue for relief. Former *Rule 3:60-2* (now *R. R. 4:62-2*), *supra*, provides that relief from final judgment may be granted by a trial court for stated reasons including, *subpar.* (1), "mistake, inadvertence, surprise, or excusable neglect," and, *subpar.* (6), "any other reason justifying relief from the operation of the judgment or order." The same language appears in *Federal Rule 60(b)*.

In the *Hill* case, *supra*, the lower federal court had held that lack of notice of entry of judgment under *Federal Rule 77(d)*, *supra*, did not constitute ground for relief under the similar language of *Federal Rule 60(b)*, *supra*. *Hill v. Hawes*, 76 *U. S. App. D. C.* 308, 132 *F. 2d* 569 (1942). As hereinabove noted, the United States Supreme Court on the subsequent appeal held otherwise, but *Federal Rule 77(d)*, *supra*, was thereafter amended, effective March 19, 1948. Considerably *after* the date the amendment to *Federal Rule 77(d)* went into effect, the United States Court of Appeals, District of Columbia Circuit, in *Gilmore v. Hinman*, 89 *U. S. App. D. C.* 165, 191 *F. 2d* 652, 653 (1951), held in reference to *Federal Rule 60(b)* :

"None of the reasons specified in the Rule [viz. Federal Rule 60(b)] are present. No other reason justifying relief from the operation of the judgment appears, *and a motion of this sort cannot be used as a substitute for an appeal.*" (Emphasis supplied)

This is a sound principle to follow. Further former *Rule* 3:60–2 (now *R. R.* 4:62–2), *supra*, requires motion to be made thereunder "within a reasonable time." See *Ditmars v. Camden Trust Co.*, 10 *N. J.* 471, 495 (1952). Compare *Shammas v. Shammas*, 9 *N. J.* 321, 327–330 (1952).

The exceptant further sought relief by relaxation of the rules relating to time for appeal. Former *Rule* 4:1–10 empowered the Superior Court, Appellate Division, to effect relaxation of the rules "except that the court may not extend the time for taking an appeal under *Rule* 4:2–5." (Compare *Tentative Draft Rule* 1:2–3(a), quoted *ante*). Former *Rule* 4:2–5 incorporated former *Rule* 1:2–5, *supra*, by reference. The exceptant's argument in this respect is diametrically opposed to the decision of this court in *In re Pfizer, supra* (6 *N. J.*, at *pp.* 237–238). Former *Rule* 1:7–9, as amended January 1, 1952 and January 1, 1953, provided that

"\* \* \* the court may not extend the time for taking any action under Rules 1:2–5 \* \* \* 4:2–5 \* \* \*, except that extension for a period not exceeding 30 days from the expiration of the time permitted in the Rule may be granted at any time *upon a clear showing of good cause and the absence of prejudice.*" (Emphasis supplied)

The clear language of former *Rule* 1:7–9, as amended, *supra*, demonstrates that it modified both former *Rule* 1:2–5 and former *Rule* 4:2–5, and to that extent was applicable to the Superior Court, Appellate Division. Compare *R. R.* 1:1–8, *R. R.* 1:1–9, and *R. R.* 2:1–11.

## THE EQUITIES

■ Even if procedurally relief were available in some circumstances it would not afford a basis for relief here. The facts demonstrate delay after the knowledge of the judgment was brought home to the exceptant during a period in which a 30-day extension of time could have been applied for (former *Rule* 1:7–9, as amended January 1, 1953, *supra*).

In the present case the trial judge's opinion was filed April 2, 1953; on May 15, 1953 the trial judge held a hear-

ing to settle the form of the judgment which hearing was attended by the exceptant's counsel; exceptant's counsel on or before May 25, 1953 submitted the form of judgment to the trial court and except for deletion of the last paragraph this appears to have been the judgment entered on June 17, 1953. The exceptant on August 22, 1953 had received a statement of account containing reference to the entry of the judgment on "6/17/53" and at that time (August 22) he still had at least a week within which to apply for a 30-day extension of time to take his appeal under a broad application of former *Rule* 1:7–9, as amended January 1, 1953, *supra*. In writing to the trustee on August 22, 1953 the exceptant expressly noted and did not disapprove the allowances to the trustee and its counsel made in the judgment and adverted to in the statement of account. Further, the affidavit of the exceptant's counsel shows that at 10:00 A. M. on August 31, 1953 exceptant's counsel had knowledge of the judgment and "immediately" confirmed this by a call to the Surrogate's office. However, he did not file a notice of appeal until the next day (76 days after the entry of the judgment).

In passing it is observed that former *Rule* 1:7–9, as amended January 1, 1953, *supra,* required "a clear showing of good cause." *Cf. R. R.* 1:1–9, *supra.* This requires more than a mere indication of a valid excuse for delay in serving and filing a notice of appeal. It requires a demonstration that there is a substantial and meritorious question involved in the appeal. Compare former *Rule* 1:5–4 (now *R. R.* 1:10–9). The exceptant asserts he had no access to the record and exhibits and could not frame any questions involved. This is without merit. The history of the entry of judgment, briefly recited, *ante,* demonstrates that the exceptant had knowledge of the opinion of the trial court (filed April 2, 1953—see *In re Nuese's Estate, supra,* 25 *N. J. Super.,* at *page* 406), and had knowledge of the probable form of the judgment. He suggested no good cause for appeal as to any matter of substance. In respect to commissions and counsel fee exceptant raises no question and he asserted no objection

in his letter to the trustee, dated August 22, 1953, *ante.* The allowance to counsel was considerable, but the estate *corpus* appears to have exceeded $300,000 and the exceptions raised seem to have required extensive pretrial and trial effort and industry on the part of the trustee's attorneys. Judge Conlon, in his opinion in the Essex County Court, stated:

> "All of the losses now complained of occurred some 15 or 20 years ago. Consequently the reconstruction of the details of the many transactions inquired into presented considerable difficulty." (25 *N. J. Super.,* at *page* 409)

There is no indication that the trial court abused its discretion in the matter of allowances. *Cf. Litcher v. Trust Co. of New Jersey,* 11 *N. J.* 64, 81–82 (1952); *Ditmars v. Camden Trust Co., supra* (10 *N. J.,* at *page* 499).

In summary, we find that the Superior Court, Appellate Division, correctly determined that it lacked the power in this case to extend the time within which to appeal beyond the period limited by former *Rules* 1:2–5 and 1:7–9, as amended, *supra,* under former *Rule* 4:1–10, *supra.*

For the reasons expressed in this opinion the order of the Superior Court, Appellate Division, dismissing the exceptant's appeal from the judgment of the Essex County Court and denying exceptant's motion for enlargement of time to appeal, is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN— 6.

*For reversal*—Justice HEHER—1.