GUAM CORAL COMPANY, INC., Appellee

v.

CHARLES L. CORN, Appellant

Civil No. 32-A

GUAM CORAL COMPANY, INC., Appellee

v.

PANCITERIA FAR EAST, INC., Appellant

Civil No. 33-A

District Court of Guam

Appellate Division

March 20, 1962

| | |
|---|---|
| *Counsel for Appellants:* | E. R. CRAIN |
| *Counsel for Appellee:* | TURNER, BARRETT & FERENZ |

SHRIVER, *District Judge*

### OPINION

These cases are consolidated on appeal. They were originally consolidated for trial in the Island Court. Judgment in both cases was entered against the appellants on March 14, 1960. The appellants appealed from such final judgments, which appeals were dismissed by this Court because of the appellants' failure to comply with the appellate rules. Mandate was issued under date of January 16, 1961.

Under date of February 6, 1961, the appellants filed what was designated as "Notice of Intention to Move for New Trial" on the ground of newly discovered evidence, and

under date of February 9, 1961, the appellants filed affidavits in support of such notice. The appellee filed a motion to quash and dismiss the notices of intention, and under date of April 3, 1961 the Island Court granted such motion, basing its ruling upon the ground that such procedure is not authorized by Rule 60(b) of the Rules of Procedure of the Island Court of Guam or any other provision of such rules. The Island Court further ordered that execution should issue. The appellants filed notices of appeal under date of April 14, 1961. In this Court the appellee filed motions to dismiss the appeals, which motion was denied under date of June 9, 1961 by the Honorable Thurmond Clarke, Designated Judge.

The appellants contend on appeal that under Section 659 of the Code of Civil Procedure of Guam, they had a right to move for a new trial by filing a notice of intention. However, this section, even if applicable, does not help them. Section 659 is part of Article II of the Code of Civil Procedure. Section 657(c) permits a motion on the ground of newly discovered evidence, but under Section 659, the motion must be made within five (5) days of the entry of judgment. Under Section 659(a), affidavits in support of such notice must be filed within five (5) days thereafter and the responding party has five (5) days in which to file counter affidavits. The Court may extend the time for an additional period not exceeding ten (10) days. Under Section 660 the Court must give precedence to the hearing of such motion and must decide the motion within sixty (60) days; otherwise the motion is considered denied. Under Article II, therefore, the Island Court would have lost jurisdiction to consider a motion for a new trial sixty days after a written notice of the entry of judgment was served, or in May, 1960.

The Island Court of Guam is subject to the rule-making authority of the Judicial Council of Guam under Section

79

123 of the Code of Civil Procedure. In the exercise of this authority the Judicial Council has prescribed procedural rules for the Island Court, which rules parallel those of the Federal Rules of Civil Procedure, including Rule 60, except that the Island Court rule provides for a three-month period after final judgment to move for a new trial on the ground of newly discovered evidence, while the Federal rule provides that a motion for a new trial upon the ground of newly discovered evidence must be filed not more than one (1) year after judgment. No motion was filed within three months.

The time for filing such motion begins to run from the entry of final judgment, which judgments were entered in these cases on March 14, 1960. This does not mean that the appellants were denied the right to move for a new trial within the three-month period after they had noted an appeal. The case of *Smith v. Pollin* (C.A. D.C. 1952), 194 F.2d 349, 350, approves the following procedure:

"Appellants' motion (made to the court of appeals) is for leave to file in the District Court a motion to vacate the judgment of that court . . . . The text of the motion shows that in substance it is a motion for leave to file a motion for a new trial on the ground of newly discovered evidence . . . .

". . . In criminal cases . . . the procedure is that, when a new trial is sought because of newly discovered evidence in a case pending in the appellate court, a motion for the new trial is made in the District Court, and the District Court may then deny the motion or indicate that it will grant the motion. If that court indicates that it is inclined to grant the motion, a motion for remand is made in the appellate court . . . .

"The procedure in civil cases is not so clearly established as it is in criminal cases. The Rules of Civil Procedure make no specific reference to the point . . . . The Circuit Courts seem to have different views on the subject. See *Harper Bros. v. Klaw,* 2 Cir. 1921, 272 F. 894; *Baruch v. Beech Aircraft Corporation,* 10 Cir. 1949, 172 F.2d 445.

"It is clear that the District Court could not grant a motion for a new trial in a case which is pending in this court upon appeal. Jurisdiction of the case is in this court while the appeal is pending. So the rule of law applicable to civil cases is exactly the same as the specific statement in Criminal Rule 33. That being so, we think that the procedure already established for criminal cases can be established for civil cases also.

"We are of opinion, therefore, that, when an appellant in a civil case wishes to make a motion for a new trial on the ground of newly discovered evidence while his appeal is still pending, the proper procedure is for him to file his motion in the District Court. If that court indicates that it will grant the motion, the appellant should then make a motion in this court for a remand of the case in order that the District Court may grant the motion for new trial."

In *Greear v. Greear* (1961) 288 F.2d 466, the United States Court of Appeals for the Ninth Circuit followed this procedure and cited with approval *Smith v. Pollin,* infra.

We now consider the question as to whether, after the original appeals were dismissed, the Island Court had jurisdiction to grant a new trial on the ground of newly discovered evidence. We hold that it did not. As pointed out in Moore's Federal Practice, Vol. 7, P. 338, the trial court may have authority to consider a 60(b) motion after dismissal of appeals without a decision on the issues, but the motion must be timely and must be consistent with the mandate. "The authorities seem uniform that a mandate from a reviewing court is controlling as to all matters within the compass of such mandate and as to such matters the District Court, after remand, can take no further action." As any motion must have been made within three months from final judgment, the Island Court was without jurisdiction to consider it under any theory. It will be noted that over two years have expired since the entry of final judgment in the Island Court. The failure to perfect appeals in this Court was not that of the appellee. The following statement is from *Perrin v. Aluminum Co. of America* (9 Cir. 1952) 197 F.2d 254–255:

81

"We are not prepared to say that the court abused its discretion in any particular. On the contrary we think its discretion was rightly exercised. Rule 60(b) was not intended to be resorted to as an alternative to review by appeal, nor as a means of enlarging by indirection the time for appeal except in compelling circumstances where justice requires that course. Cf. *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283. Appellants had opportunity to obtain appellate review of the very rulings of which they now complain but failed to take advantage of the opportunity within the time prescribed by Rule 73(a). Having in consequence of their own lack of diligence been turned away at the front door they now seek entry at the rear. Certainly Rule 60(b) was not designed to afford machinery whereby an aggrieved party may circumvent the policy evidenced by the rule limiting the time for appeal. The case of *Commercial Credit Corp. v. United States*, 8 Cir., 175 F.2d 905, cited by counsel on oral argument, is clearly not in point.

"Affirmed."

We are of the view that the back door in these cases should now be closed. Accordingly, we affirm the orders of dismissal in the Island Court.