**DART DRUG CORPORATION, a body corporate, Appellant,**

v.

**Joseph BRENNER, Appellee.**

**No. 19605.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 7, 1966.

Decided June 2, 1966.

Bazelon, Chief Judge, dissented.

Mr. William F. Reed, Washington, D. C., for appellant.

Mr. Samuel Intrater, Washington, D. C., with whom Mr. Albert Brick, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and BURGER, Circuit Judge.

1. Rule 60(b) (6) states:
"On motion, and upon such terms as are just, the court may relieve a party or his legal representatives from a final judgment, order or proceeding for the following reasons:

PER CURIAM:

The appeal in this case is dismissed as having been improvidently granted.

The case involves the construction by the Court of General Sessions of its own rules, affirmed by the District of Columbia Court of Appeals, which has general supervision of the Court of General Sessions, and presents no "special and important reasons" for review. See Rule 1, D.C.Cir. Rules Governing Review of Cases from the D. of C. Court of Appeals.

Appeal dismissed.

BAZELON, Chief Judge (dissenting):

The District of Columbia Court of Appeals dismissed appellant's appeal from the Court of General Sessions and we granted leave to appeal to this court. I would not dismiss that appeal at this time, but would decide the question of general importance presented.

Appellee sued appellant in General Sessions for services rendered as business chance broker. A jury decided in appellee's favor on Friday afternoon, June 11, 1965, at which time the court made no mention of entering the verdict on the docket. Appellant was told by an employee in the clerk's office on June 17 that the verdict had just been entered. If this had been so, appellant's subsequent notice of appeal would have been timely. In fact, however, the verdict was entered on Friday, the 11th, and it was the judgment that was entered on the 17th. On the 29th, appellant learned of the date of the actual entry of judgment and two days later moved for equitable relief under General Sessions Rule 60(b) (6),[1] time for filing notice of appeal already having expired. The trial court denied this motion. The District of Columbia Court of Appeals held that this denial was not an abuse of discretion and dismissed appellant's appeal on the merits from the adverse judgment.

\* \* \* \* \*

"(6) Any other reason justifying relief from the operation of the judgment."

The District of Columbia Code provides for appeal of the final judgment in this case as a matter of right.[2] Finality requires entry on the docket.[3] The Federal Rules of Civil Procedure require the filing of notice of appeal within thirty days after final judgment[4] while the District of Columbia Court of Appeals Rules require filing within ten days.[5] Thus, the date of entry of judgment is crucial.

General Sessions Rule 58 provides that judgment is to be entered "on the fifth day *after the verdict*, or the finding by the court, has been entered in the civil docket."[6] (Emphasis supplied.) The court may direct "otherwise." But there is no provision for notifying parties of such action. Moreover, there is no rule regarding the time for entry of the verdict or for notice thereof.

General Sessions Rule 77(d) provides, however, that:

Immediately upon the entry of an order or *judgment* signed or decided out of the presence of parties or their counsel, the clerk shall serve a notice of entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear * * *. [Emphasis supplied.]

No such notice of judgment was given here.[7]

As originally enacted, Rule 77(d) of the Federal Rules of Civil Procedure was similarly worded.[8] The Supreme Court held that a trial court under this rule had discretion to vacate and re-enter a judgment so as to allow an appeal when the clerk had failed to give the proper notice to the parties. The Court stated:

It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given to the rule is that, although the judgment is final for other purposes, it does not become final for the

2. "(a) The District of Columbia Court of Appeals has jurisdiction of appeals from:
   "(1) final orders and judgments of the District of Columbia Court of General Sessions * * *.
   "(b) * * * [A] party aggrieved by an order or judgment specified by Subsection (a) of this section may appeal therefrom as of right to the District of Columbia Court of Appeals." D.C.Code § 11–741 (Supp. V 1966).

3. General Sessions Rule 58 provides in part:
   "The notation of a judgment in the civil docket, as provided by Rule 78, constitutes the entry of the judgment; and the judgment is not effective before such entry."

4. Rule 73(a), Fed.R.Civ.P.

5. District of Columbia Court of Appeals Rule 27(a).

6. "ENTRY OF JUDGMENT. Unless the court otherwise directs, and subject to provisions of Rule 54(c), judgment shall be entered on the fifth day after the verdict, or the finding by the court, has been entered in the civil docket * * *."

7. Appellee argues that no judgment was signed out of the presence of the parties or counsel so that no notice was required.

He argues that no judgment was ever signed by the trial judge. All that was done was the ministerial act of making an entry of judgment on the face of the jacket and on the court docket. However, "a judgment 'is the act of the court,' * * * even though a clerk does all of the ministerial acts, as here, in conformity with his court's standing instructions." Commissioner of Internal Revenue v. Estate of Bedford, 325 U.S. 283, 286, 65 S. Ct. 1157, 1159, 89 L.Ed. 1611 (1945). See generally, 6 Moore, Federal Practice ¶'s 58.02, 58.03 (2d ed. 1965).

8. Rule 77(d), Fed.R.Civ.P. now includes the statement: "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)." Rule 73(a) allows extensions of the time for filing an appeal "upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment * * *." Such extension cannot exceed thirty days. The Supreme Court has submitted to Congress an amendment to Rule 73(a) which deletes the words "based on a failure of a party to learn of the entry of the judgment." This amendment is to take effect July 1, 1966.

purpose of starting the running of the period for appeal until notice is sent in accordance with the rule. [Hill v. Hawes, 320 U.S. 520, 523, 64 S.Ct. 334, 336, 88 L.Ed. 283 (1944).]

Appellee would distinguish *Hawes* on the ground that the trial court's decision there was made out of the presence of the parties, while appellant here was present when the jury's verdict was returned. Furthermore, we are told that the general practice is to enter a jury verdict on the docket immediately. There is no showing, however, that appellant was aware of this or any other "practice." The time for filing notice of appeal should not be left to speculation or informal arrangements, particularly where, as here, the time for filing notice of appeal is so short. A system which requires a daily check to see if verdict and judgment have been entered on the docket is hardly a proper one.

I would therefore reverse the judgment of the District of Columbia Court of Appeals and remand the case to that court with instructions to hear appellant's appeal from the jury's adverse verdict on the merits.

