383 F.2d 392
 George W. LONG, d/b/a George W. Long Painting & Decorating Company, Appellant,
v.
George B. EMERY, Jr., Charles B. Bennett, Cecil D. Hunter, T. E. Lundberg, Robert E. McKee General Contractor, Inc., a Corp., General Insurance Company of America, Robert Eugene Peterson, Painters Union Local 854, Appellees.
 No. 9208.
 United States Court of Appeals Tenth Circuit.
 September 18, 1967.
 
 John A. Biersmith, Kansas City, Mo. (of Rafter, Biersmith & Walsh, Kansas City, Mo.), for appellant.
 Kay McFarland, Topeka, Kan. (Jack A. Quinlan and George A. Scott, Topeka, Kan., were with him on brief), for appellees.
 Before MURRAH, Chief Judge, and HICKEY and BROWN,* Circuit Judges.
 MURRAH, Chief Judge.
 
 
 1
 The decisive question here is whether the trial court properly overruled plaintiff Long's motion under Rule 73(a), F.R.Civ.P., for an extension of time in which to appeal. If so the appeal must, of course, fail.
 
 
 2
 The pertinent facts are that after trial and filing of findings of fact and conclusions of law, judgment was entered and journal entry was filed on March 2, 1966. Timely motions to amend and modify the judgment were filed and considered by the court. A dispute arose over conflicting suggested orders purporting to incorporate the judge's rulings, and the court by letter notified the parties that a hearing would be held on June 27 "at which time the matter will be resolved." All parties except Long were present by counsel at the June 27 hearing, and the court approved one of the two submitted orders and filed it with the clerk on that same day. In this posture of the case the 30 day appeal time commenced to run on June 27. More than 30 days later, and on August 10, Long filed a motion under Rule 73(a) for an extension of time to appeal, alleging "excusable neglect."[1] In support of this motion, counsel for Long filed an affidavit alleging that no notice or copy of the order entered by the court on June 27 had ever been received by him, and that the first knowledge he had of the entry of the order was on August 4 in a telephone conversation with the court clerk.
 
 
 3
 In his ruling on the 73(a) Motion, Judge Templar stated that he was advised by Long's counsel "that he would not be present on June 27 * * * and that the court could approve either of the proposed orders submitted which the court considered correct." From this, the court concluded that the circumstances did not show a case of "excusable neglect" and entered an order denying the motion, pointing out that "plaintiff's counsel was aware * * * that the form of order would be determined and the matter resolved" at the June 27 hearing, and failing "to ascertain that the Court had directed the entry of the order after absenting himself from the hearing of which he had received notice constituted a lack of diligence on the part of counsel." We agree.
 
 
 4
 Long contends that he made a clear case of excusable neglect and that the trial judge unjustifiably refused to grant an extension of time within which to appeal. He argues that, as reflected by his affidavit, the court clerk failed to follow Rule 77(d) which requires that "[i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail * * * upon every party affected thereby * * *." Special reliance is placed upon the language of Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283, wherein Mr. Justice Roberts stated that "we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given." Id. at 523, 64 S.Ct. at 336.
 
 
 5
 It is conceded that Rule 77(d) was amended in 1946, shortly after the Hill decision, by adding the additional sentence that "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)." Analyzing the effect of this amendment, the Advisory Committee on Rules stated:
 
 
 6
 "Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in rule 73(a), the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d) or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received." See Notes of Advisory Committee following Rule 77.
 
 
 7
 Rule 77(d), as amended, thus plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest. See Nichols-Morris Corp. v. Morris, 2 Cir., 279 F.2d 81, 83. The trial judge is, to be sure, vested with discretion to extend the appeal time due to lack of notice but, as pointed out by the Advisory Committee, he is not required to do so.[2] Lack of notice is only a factor to be considered in the circumstances of the case. Assuming the truthfulness of the affidavit of Long's counsel that he received no notice from the clerk that the order had been entered, we are unable to discern how he can complain of lack of notice. As we have seen, counsel was directly notified by the trial judge that the matter would be finally resolved on June 27. And, as we have also seen, Judge Templar took this into consideration in exercising his discretion not to grant the extension of time. To allow counsel to defeat the prescribed period of time for taking an appeal by merely absenting himself from a hearing of which he had notice would tend to derogate from the spirit of the rules to bring about a just, speedy and inexpensive determination of every action.
 
 
 8
 In these circumstances we certainly cannot say that the trial judge abused his discretion in refusing to grant additional time in which to appeal. The order is affirmed.
 
 
 
 Notes:
 
 
 *
 Sitting by designation
 
 
 [1]
 At the time of the controversy, Rule 73 (a) provided that:
 "[T]he time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from * * * except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of the judgment the district court * * * may extend the time for appeal not exceeding 30 days from the expiration of the original time, * * *."
 
 
 [2]
 The 1966 amendment (inapplicable here) seems to further liberalize Rule 73(a) by eliminating the words "based upon a failure of a party to learn of the entry of judgment." But the Advisory Committee could think of no reason other than lack of notice for excusing the neglect except "extraordinary cases where injustice would otherwise result." See Notes of Advisory Committee