597 F.2d 1267
 Consuelo Artero CALVO, Felix V. Calvo, Jr., Josephine A.
Calvo, Oscar L. Calvo, Ovidio R. A. Calvo, Evelyna C.
MacDonald, Rufina Calvo Perez, Finton J. Phelan, Jr., Maria
Teresita Calvo Roberto, Francisco C. Sablan, Pilar C.
Verlarde, and Doris C. Walters, Petitioners-Appellees,
v.
Harold Dwight LOOK, Oppositor-Appellant.
 No. 77-3247.
 United States Court of Appeals,
Ninth Circuit.
 May 31, 1979.
 
 Thomas J. Perham, of Ferenz, Bramhall, Williams & Gruskin, Agana, Guam, for oppositor-appellant.
 Howard G. Trapp, of Trapp, Gayle, Teker, Lacy & Moore, Agana, Guam, for petitioners-appellees.
 Appeal from the United States District Court for the District of Guam.
 Before BROWNING, CHOY and HUG, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district court properly held that Look's notice of appeal was untimely. Look acknowledges that his notice was untimely under the literal terms of Guam R.App.P. 2(a), which requires that notice of appeal be filed within 15 "days from the entry of the judgment appealed from." He argues, however, that because Local Rule 77(d) requires the clerk of the court to notify the parties of a judgment, the 15-day period does not begin running until such notice is given; under this interpretation Look's notice was timely because of the clerk's delay in giving the parties notice of the judgment.
 
 
 2
 On its face Guam R.App.P. 2(a) does not incorporate this notice requirement. This court has repeatedly noted that "(t)he language of a (provision) is the best and most reliable index of its meaning." Smith v. Califano, 597 F.2d 152, 155 (9th Cir. 1979), Quoting Monte Vista Lodge v. Guardian Life Insurance Co., 384 F.2d 126, 128 (9th Cir. 1967), Cert. denied, 390 U.S. 950, 88 S.Ct. 1041, 19 L.Ed.2d 1142 (1968).
 
 
 3
 Look's reliance on Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944), is unconvincing. There the district court had vacated a judgment it had rendered because the clerk of the court had not notified the parties of the judgment as required by then Federal Rule of Civil Procedure 77(d), identical to the present Guam Local Rule 77(d);[1] the court then rendered a second judgment.
 
 
 4
 The Supreme Court held that the district court did not abuse its discretion in vacating the first judgment because of the clerk's failure properly to notify the parties; therefore, the time for appeal ran from the time of the second judgment. The Court noted that "(t)he term had not expired and the (first) judgment was still within control of the trial judge for such action as was in the interest of justice . . .." Id. at 524, 64 S.Ct. at 336. Thus, Hill indicated that the district court had the power and discretion to vacate a judgment when the clerk failed to notify the parties properly. It did not hold that limitations upon the time for filing a notice of appeal were subject to the clerk's providing proper Rule 77(d) notice.
 
 
 5
 Look argues that the practices followed by the Guam courts make it difficult to discover the entry of a judgment. We note, however, that when Look's counsel received actual notice of the judgment, nine days remained of the 15-day term prescribed by Guam R.App.P. 2(a). Look nonetheless did not file his notice of appeal until after these nine days. Thus, on the facts of this case, the interpretation placed on Guam R.App.P. 2(a) by the lower court, and which we affirm today, afforded Look an ample opportunity to file a notice of appeal, notwithstanding the alleged difficulties of independently discovering that judgment had been entered.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 In 1946, Fed.R.Civ.P. 77(d) was amended in response to Hill. See 7 Moore's Federal Practice P 77.01(3), (4) (1978). Nonetheless, when in 1969 the Guam Judicial Council adopted rules of procedure for the Superior Court of Guam, it adopted Fed.R.Civ.P. 77(d) as it appeared prior to the 1946 amendments