**William M. TURNER, Plaintiff,**

v.

**James G. WATT, Secretary of the Interior, Defendant.**

**No. C82–0174A.**

United States District Court,
D. Utah, C.D.

April 28, 1983.

---

William M. Turner, pro se.

R.E. Thompson, Albuquerque, N.M., U.S. Atty. for N.M., Brent D. Ward, and Joseph W. Anderson, U.S. Attys. for Utah, Salt Lake City, Utah, Carol E. Dinkins, Asst.

---

Atty. Gen., Washington, D.C., Reid W. Neilson, Reg. Sol., Salt Lake City, Utah, for defendant.

## ORDER DENYING MOTION TO DISMISS

ALDON J. ANDERSON, Chief Judge.

The following facts are taken from the Report and recommendation of the magistrate.

The plaintiff seeks a review of the final decision of the Secretary of the Interior denying his application for an oil and gas lease. The final decision was entered on April 15, 1981. The plaintiff's complaint was filed on September 30, 1981. The defendant has moved to dismiss the action because it was not timely filed and is barred by 30 U.S.C. § 226–2, which provides:

No action contesting a decision of the Secretary involving any oil and gas lease shall be maintained unless such action is commenced or taken within 90 days after the final decision of the Secretary relating to such matter.

In response to the defendant's motion to dismiss, the plaintiff has shown that on July 29, 1980, he filed an appeal to the Interior Board of Land Appeals of a decision denying his non-competitive oil and gas lease offer. He then had temporary work in Cyprus and on August 13, 1980 filed a notice of change of address with the appeals board, which was received by that board on August 18, 1980. A final decision denying his appeal was entered by the board on April 15, 1981 without a hearing. Although it had his change of address notice, the board erroneously mailed a copy of its decision to the plaintiff at his old address. He did not receive it. He first learned of the adverse decision on August 15, 1981 upon his return from Cyprus and after expiration of the 90 day limitation period for filing this review action.

The magistrate to whom this matter was referred submitted his report and recommendation on August 18, 1982, and the defendant filed his objections on September 1,

1982. The plaintiff, who is acting pro se, submitted his Answer to the Defendant's Objections on January 6, 1983, in response to a letter from the court.

The magistrate recommended that the motion to dismiss be denied. He based much of his analysis on 43 C.F.R. 4.124 [4.125 in the 1982 edition of CFR], which provides as follows:

Decisions of the Board will be made upon the record as described in 4.114. Copies thereof will be forwarded simultaneously to both parties by certified mail.

The magistrate concluded that "the imparting of notice in accordance with the regulation is a necessary part of the limited statutory review plan and that essential due process step is necessary to start the limitation period."

In his objections, the defendant correctly pointed out that 43 C.F.R. § 4.124 is one of the special rules applicable to contract appeals and has no application to the Board of Land Appeals. The defendant therefore argues that he has no obligation to provide notice of the board's decision to plaintiff, and thus the analysis of the magistrate does not apply. However, he has overlooked a provision in the Administrative Procedure Act, codified at 5 U.S.C. § 555(e), which provides in pertinent part:

(e) Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding.

The defendant was obliged to follow this mandate by giving plaintiff prompt notice of the denial of the plaintiff's appeal to the Board. If this provision were substituted for 43 C.F.R. § 4.124 in the magistrate's report and recommendation, the rationale of that report would essentially be correct.

Further, the court notes the decision of the United States Supreme Court in *Hill v. Hawes,* 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). There the Court interpreted Rule 77(d) of the Federal Rules of Civil Procedure, which imposed on the clerk of the district court a duty to send notice of entry of judgment to the parties. In *Hill*

the clerk failed to send such notice, and the plaintiff failed to file an appeal of the judgment within the 20-day period provided by the rules. In providing relief to the plaintiff, the court reasoned:

It is true that Rule 77(d) does not purport to attach any consequence to the failure of the clerk to give the prescribed notice; but we can think of no reason for requiring the notice if counsel in the cause are not entitled to rely upon the requirement that it be given. It may well be that the effect to be given the rule is that, although the judgment is final for other purposes, it does not become final for the purpose of starting the running of the period for appeal until notice is sent in accordance with the rule.

320 U.S. at 523, 64 S.Ct. at 336. The same reasoning is applicable here. Because of the agency's error, plaintiff did not receive notice of the board's final decision. He was entitled to rely on the statute's requirement that it be given, and the running of the period for appeal should not begin until notice is sent in accordance with the statute.

It is noted that Rule 77(d) was amended shortly after the *Hill* decision, partly to counteract the effect of the decision. Now the rule provides that lack of notice by the clerk does not affect the time to appeal. However, that provision has not been added to 5 U.S.C. § 555(e) or to 30 U.S.C. § 226–2, the applicable provisions here. Thus the rationale of *Hill* continues to apply to these actions.

Accordingly,

IT IS HEREBY ORDERED that the report and recommendation of the magistrate, as modified herein, be adopted as the ruling of this court.

IT IS FURTHER ORDERED that the defendant's motion to dismiss be denied.