**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-1999**

───────────────

ELLEN M. WILSON,

Plaintiff - Appellant,

versus

TOMMY G. THOMPSON, Secretary, United States
Department of Health and Human Services,

Defendant - Appellee.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CA-
03-234-CCB)

───────────────

Submitted:  March 11, 2005             Decided:  July 11, 2005

───────────────

Before WILKINSON, LUTTIG, and TRAXLER, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Alvin T. Prestwood, PRESTWOOD & ASSOCIATES, P.C., Montgomery,
Alabama, for Appellant.  Allen F. Loucks, United States Attorney,
Neil R. White, Assistant United States Attorney, Baltimore,
Maryland, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ellen M. Wilson appeals the district court's order denying her Fed. R. Civ. P. 60(b)(1) motion. The motion was filed in a case decided by final order entered by the district court on November 12, 2003, dismissing various claims relating to allegations of employment discrimination. Wilson's time to appeal that order had expired, and her Rule 60(b)(1) motion sought to reopen proceedings to allow Wilson to timely appeal the final order. The district court denied Wilson's Rule 60(b)(1) motion for lack of mistake or excusable neglect.

Rule 60(b)(1) provides for relief from a judgment based on mistake, surprise, inadvertence, or excusable neglect. The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). To obtain relief under the Rule based on excusable neglect, the movant "must demonstrate inter alia that [she] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992). We review the denial of a Rule 60(b) motion for abuse of discretion. See Nat'l Org. for Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir. 1995).

Wilson's only basis for the Rule 60(b)(1) motion was that Wilson's counsel did not receive the November 12, 2003 order. The

- 2 -

final order was sent electronically to counsel at the electronic mail address submitted by counsel to the court when counsel registered to receive court documents electronically.

Wilson's claim of not receiving notice does not satisfy Rule 60(b)(1). Rule 77(d), Fed. R. Civ. P., "'plainly charges the prospective appellant with the duty of following the progress of the action and advising himself when the court makes the order he wishes to protest.'" <u>Hensley v. Chesapeake & O. Ry.</u>, 651 F.2d 226, 231 (4th Cir. 1981) (quoting <u>Long v. Emery</u>, 383 F.2d 392, 394 (10th Cir. 1967)). Wilson's counsel failed in this duty, and "Rule 77(d) bars Rule 60(b) relief when the <u>sole</u> reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment." <u>Id.</u> at 229. Wilson failed to prove mistake, inadvertence, surprise, or excusable neglect, and the district court accordingly did not abuse its discretion in denying Wilson's Rule 60(b)(1) motion.

We affirm the district court's order. We deny Wilson's motion to consolidate this case with <u>In re Wilson</u>, No. 04-1980 (4th Cir. Sept. 23, 2004), in which a final order has been entered and rehearing has been denied. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>