66 N.J. Super. 460 (1961)
169 A.2d 479
IN THE MATTER OF THE APPEAL OF GEORGE SYBY.
GEORGE SYBY, APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND THE CITY OF JERSEY CITY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 1961.
Decided April 3, 1961.
*461 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Irving I. Vogelman argued the cause for appellant (Mr. Raymond A. Brown, attorney).
Mr. Francis M. McInerney argued the cause for respondent City of Jersey City (Mr. Ezra L. Nolan, attorney).
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondent Department of Civil Service of the State of New Jersey (Mr. David D. Furman, Attorney General, attorney).
*462 The opinion of the court was delivered by CONFORD, S.J.A.D.
This is an appeal from a decision of the State Department of Civil Service upholding the action of the Department of Parks and Public Property of the City of Jersey City in dismissing George Syby, employed by the city as a recreation leader. The dismissal was for falsification of time sheets purportedly showing hours of employment with the city department on certain dates, whereas he was allegedly doing other work for pay during portions of the times certified as spent at work for the city.
Syby was represented by counsel during the disciplinary proceedings conducted by the city but failed to appear in person or by counsel on the date fixed for hearing his defense against the charges. Although theretofore called upon to do so, he never explained to the city officials the discrepancies in the records upon the basis of which the charges against him were made, taking the position it was incumbent upon the city to prove them without his testimony.
On the appeal to the Department of Civil Service, the matter was set down for hearing on three occasions, two postponements of hearing having been granted because of plea of engagement of Syby's counsel elsewhere. On the third hearing date scheduled, Jersey City counsel and a witness for the city appeared at Trenton for the hearing, but counsel for Syby (not Mr. Vogelman) phoned the hearing commissioner five minutes before the hearing was scheduled to begin to request another postponement because of a trial engagement that day. No prior notice of this request had been given the Department or the city. The request for continuance was denied and the hearing proceeded and was concluded on the basis of the city's proofs.
Prior to the setting of this cause down for argument before this court, the Attorney General, appearing for the Department of Civil Service, duly filed and served his brief, incorporating a demand that the appeal be dismissed as out of time. It was therein shown, and the appellant does not deny, that the decision of the Department was received *463 by Syby's counsel May 13, 1960, but that the notice of appeal was not filed with this court until July 5, 1960, or 53 days later. A final state agency decision is required to be filed within 45 days of service of the decision. R.R. 1:3-1(b). The appeal was therefore out of time.
At the argument, counsel for appellant made an oral motion, not supported by any papers whatever, for an extension of the time for filing the appeal under R.R. 1:27B, which permits the court to allow such an extension not exceeding 30 days from the time the appeal was required to have been filed "upon a clear showing of a good cause and the absence of prejudice." We were not apprised what the "good cause" consisted of beyond an explanation that the filing time had been overlooked. "Good cause" in this context requires not only showing a valid excuse for delay in filing the appeal but a demonstration that there is a substantial and meritorious question involved in the appeal. In re Nuese's Estate, 15 N.J. 149, 160 (1954).
Out of concern lest any important substantive right of the party be lost by reason of excusable neglect of the attorney, we reserved decision on the motion to dismiss, directing that appellant file an affidavit stating his position on the facts regarding the alleged falsification of time sheets and that the attorney of record explain the circumstances of the late filing of the appeal. Syby thereupon filed an affidavit which is equivocal as to the conflicting outside work on two of the occasions cited and admits such work on the third occasion, as well as, in effect, the overlapping of the time so occupied against the time he certified to the city as spent on city duties. (The city attempted to prove still other such occasions, but was precluded by a ruling of the hearing commissioner on the ground that those were prior to the incumbency of the then Commissioner of Parks and Public Property.) The explanation given is that his city duties on that occasion consisted of supervising baseball games; that it was department "policy" for supervisors to leave when such games were over; and that he left in this instance at that time, which *464 was about 7:45 P.M. However, his certification to the city was that his city duties on the date in question terminated at 10:30 P.M., whereas the outside work that day admittedly began at 8:00 P.M. Thus there was plainly a false certification of time spent on city duties at least on this occasion, and a conceded receipt of compensation for outside work during the hours so certified.
The affidavit submitted by counsel of record for appellant states: "The reason for the delay in filing the notice of appeal was due to the fact that I was engaged for a good portion of the month of June in litigation and that I miscalculated the time for appeal." This does not constitute "a clear showing of good cause" for the failure to file the appeal within time. If it were, it would be difficult to conceive of any default in timely filing of appeal by an attorney which would not be excusable, and the 45-day limitation provision of the rules would be reduced in effect to a mere precatory expression.
Our experience the last few years indicates that unfortunately many attorneys construe R.R. 1:27B as meaning, for all practical purposes, that the period for filing an appeal is 75 rather than 45 days. This is a serious misconception. The fundamental policy consideration of the need for assurance to litigants of finality in litigation and its relation to the expiration of the time allowed for appeal, discussed in In re Pfizer's Estate, 6 N.J. 233 (1951), are neither dissolved nor depreciated by the grace provision of R.R. 1:27B. An extension under that rule is an extraordinary remedy, invocable only when a genuinely excusable mischance has prevented the filing of the appeal in time, the adverse party is not prejudiced and the question involved is shown to be substantial and meritorious. These are conjunctive, not disjunctive, requirements. Cf. Martindell v. Martindell, 21 N.J. 341 (1956); Hodgson v. Applegate, 31 N.J. 29 (1959). Mere negligent overlooking of the time requirements is not excusable neglect or mischance. An *465 appropriate occasion for the interposition of R.R. 1:27B to save an untimely appeal is not here manifested.
Counsel of record does not say how he "miscalculated" the time for appeal; nor did he move for relief as required by the rules, even after he was apprised (if he did not know it before) by the Attorney General's brief that his appeal was out of time. Even appellate counsel came to argument unprepared with proofs or brief, as required by the rules, to establish a "clear showing of good cause" for the extension requested. The entire attitude demonstrated on behalf of appellant is one almost of casual assumption that the rule of limitations would not be enforced against him. Added to the foregoing is the lack of any convincing showing that appellant suffered any real injustice in his dismissal by the city.
Appeal dismissed.