```
┌─────────────────────────────────────────────────────┐
│          NOT FOR PUBLICATION WITHOUT THE            │
│          APPROVAL OF THE APPELLATE DIVISION         │
│                                                     │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│  Although it is posted on the internet this opinion is binding only on the  │
│   parties in the case and its use in other cases is limited. R.1:36-3.      │
└─────────────────────────────────────────────────────┘
```

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5699-14T2

IN THE MATTER OF DELINDA
HOLMES, PATERSON HOUSING
AUTHORITY.

_____

Submitted March 30, 2017 — Decided  June 13, 2017

Before Judges Hoffman and Whipple.

On appeal from New Jersey Civil Service
Commission, Docket No. 2015-1813.

Fusco & Macaluso Partners, L.L.C., attorneys
for appellant Delinda Holmes (Amie E. DiCola,
on the brief).

Christopher S. Porrino, Attorney General,
attorney for respondent Civil Service
Commission (Brian M. Kerr, Deputy Attorney
General, on the statement in lieu of brief).

Cleary, Giacobbe, Alfieri & Jacobs, L.L.C.,
attorneys for respondent Paterson Housing
Authority (Gregory J. Franklin, of counsel and
on the brief).

PER CURIAM

Appellant Delinda Holmes appeals from the July 16, 2015 final

agency decision of the Civil Service Commission (Commission),

denying her request for retroactive compensation.  We affirm.

The long procedural history of this case details appellant's attempts to obtain clarity regarding her job title and compensation for work she performed as an employee for respondent, the City of Paterson Housing Authority. Respondent employed appellant since 1994, and she began permanently serving in the position of assistant purchasing agent in 2004.

In March 2010, appellant sought classification review of her position with the Division of State and Local Operations (SLO),[1] contending she had performed the duties of purchasing agent since April 2006. Following its review, SLO determined appellant had been performing the duties of purchasing agent since 2002, and advised respondent to consider her a purchasing agent, serving provisionally and pending promotional examination procedures, effective March 27, 2010.

Respondent appealed this determination, and on January 19, 2011, the Commission denied the appeal and affirmed SLO. The Commission further ordered appellant's County and Municipal Personnel System (CAMPS) record be updated to reflect an interim appointment as purchasing agent from May 10, 2006, to June 30, 2008, and a provisional appointment as purchasing agent, pending promotional examination procedures, from July 1, 2008, to June 30,

---

[1] SLO is now known as the Division of Classification and Personnel Management.

A-5699-14T2

2010. The Commission's decision did not address how respondent should compensate appellant for these periods.

Shortly thereafter, on May 11, 2011, appellant filed a letter with the Commission seeking enforcement of its January 19, 2011 decision. Appellant also noted her salary "still is not in accordance with the work being performed." While this request was pending, respondent informed appellant of its intention to replace the title of assistant purchasing agent with the title of principal buyer.

On August 15, 2012, the Commission denied appellant's request for enforcement as moot, finding her CAMPS record had been revised in accordance with its previous decision. The Commission also addressed the salary issue in a footnote, stating it had no jurisdiction over local salaries unless the employee's base salary fell outside the established minimum or maximum range for the title in question. See N.J.S.A. 11A:3-7(d); N.J.A.C. 4A:3-4.1(a)(2).

In March 2013, appellant's supervisor denied her request to attend the annual Rutgers Public Purchasing Educational Forum. According to appellant, respondent had always approved her attendance in the past and had compensated her for the cost of the recertification credits. Respondent eventually allowed appellant to attend the forum in 2013, but it declined to reimburse her for

the costs. Due to these events, appellant asserted a claim against respondent for retaliation. She also filed a request for a new classification review on March 21, 2013, for the period from January 2011 to the present.

On April 30, 2014, the Division of Appeals and Regulatory Affairs (ARA) rendered a brief decision, denying appellant's retaliation claim as moot because respondent permitted her to attend the forum. It also found the Civil Service rules did not require respondent to pay for her credits, even though it had done so in the past. ARA further reiterated that the Commission could only review local employee salaries where the employee alleges her salary is not within the range approved for the subject title. Appellant also raised the issue of her title classification, which ARA referred to the Division of Classification and Personnel Management (CPM).

The Commission formally reviewed appellant's claims in a decision dated July 16, 2014. It found, in relevant part, that appellant failed to prove the prima facie case for retaliation because she ultimately attended the forum.

On December 12, 2014, CPM issued a classification review regarding appellant's position. CPM determined respondent was to consider appellant as serving provisionally in the title of

principal buyer, pending promotional examination procedures, effective January 24, 2015.

Shortly thereafter, on December 23, 2014, appellant requested retroactive compensation for the performance of "supervisory duties" from May 10, 2006, to June 30, 2010, and from 2011 to 2014. ARA denied this request on December 29, 2014, reiterating that the Commission lacked the authority to review a salary unless it fell outside the established minimum and maximum for the subject title. It further determined appellant's requests were untimely, and she had never presented evidence showing her base salary was outside the established range.

On or about this time, appellant contacted respondent to determine its established salary ranges for the titles of assistant purchasing agent and principal buyer. Respondent replied to these inquires by letter dated January 28, 2015, noting it had not established minimum and maximum salary ranges for these titles.

On July 16, 2015, the Commission issued its final administrative determination, which is the subject of the instant appeal, denying appellant's request for retroactive compensation. The Commission noted appellant had been informed in August 2012 and April 2014 that it could only review salary claims where the employee was paid outside the established minimum or maximum. Moreover, appellant failed to request reconsideration of the

A-5699-14T2

August 2012, April 2014, and July 2014 decisions resolving her out-of-title service. Instead, appellant only later raised the issue that respondent had not set salary ranges for the subject titles. As such, the Commission concluded appellant's request for additional compensation was untimely, and there was no basis to relax the statutory time to appeal.

The Commission also found, although respondent should have established the relevant salary guides, its failure to do so did not automatically entitle appellant to additional compensation. Instead, it ordered respondent to update appellant's CAMPS records and to present the range for the title of principal buyer; if appellant's salary was not within that range, she could appeal the matter to the Commission.

Appellant filed her appeal from this decision on August 17, 2015. Thereafter, on October 5, 2015, respondent notified the Commission that the salary range for the title of principal buyer was $37,500 to $60,000.

Now on appeal, appellant presents four arguments: (1) the Commission wrongfully deemed her claim for additional compensation time barred; (2) good cause exists for her failure to file for reconsideration within the required period; (3) respondent's October 5, 2015 salary guide is improper and arbitrary; and (4) respondent's failure to pay for her training constituted

6

retaliation. For the reasons that follow, we reject these arguments.

Our scope of review of an administrative agency's final determination is limited. In re Carter, 191 N.J. 474, 482 (2007). We accord a "strong presumption of reasonableness" to the agency's exercise of its statutorily delegated responsibilities. City of Newark v. Nat. Res. Council in Dep't of Envtl. Prot., 82 N.J. 530, 539, cert. denied, 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980). As such, we will not reverse an agency decision unless it is "arbitrary, capricious, or unreasonable, or [] not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

Under the arbitrary, capricious, and unreasonable standard, we will consider (1) whether the agency followed the law, (2) whether substantial credible evidence supports the agency decision, and (3) "whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors." Ibid. (quoting Carter, supra, 191 N.J. at 482-83). "The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002)

(quoting <u>Barone v. Dep't of Human Servs., Div. of Med. Asst.</u>, 210 <u>N.J. Super.</u> 276, 285 (App. Div. 1986), <u>aff'd</u>, 107 <u>N.J.</u> 355 (1987)).

We first reject appellant's argument that she timely requested additional compensation. Under <u>N.J.A.C.</u> 4A:2-1.6(a), a party must appeal to the Commission for reconsideration within forty-five days of receipt of a decision. We find the Commission's determination that appellant failed to meet this time limit was not arbitrary, capricious, or unreasonable. <u>See</u> <u>Stallworth</u>, <u>supra</u>, 208 <u>N.J.</u> at 194.

The Commission did not address compensation in its January 2011 decision, prompting appellant to state, in her May 2011 request to enforce, that her salary was "not in accordance with the work being performed." In its August 2012 decision, the Commission noted that it lacked jurisdiction to review local salaries that did not fall outside the minimum or maximum range for the subject title. <u>See</u> <u>N.J.S.A.</u> 11A:3-7(d); <u>N.J.A.C.</u> 4A:3-4.1(a)(2). ARA reiterated the Commission's position in its April 30, 2014 decision, and the Commission did not address the issue in its July 2014 decision.

Appellant failed to request reconsideration from any of these three agency decisions. Instead, she waited until December 2014 to request retroactive compensation for the performance of "supervisory duties," and she did not bring respondent's lack of

salary guides to the attention of the Commission until after this time. As such, we discern no basis to disturb the Commission's conclusion that appellant's delay unreasonably exceeded the "threshold of finality."

We also reject appellant's argument that the Commission should have exercised its discretion to relax the forty-five day time limit for reconsideration. Under N.J.A.C. 4A:1-1.2(c), the Commission "may relax [its] rules for good cause in a particular situation." We have found "good cause" requires both a valid excuse for the delay and a showing that the appeal has merit. See In re Appeal of Syby, 66 N.J. Super. 460, 463 (App. Div. 1961). Appellant argues good cause exists because she did not learn respondent failed to establish the salary ranges until January 2015.

However, appellant had numerous chances to investigate whether her salary fell below the minimum-maximum threshold and to present such information to the Commission. Contrary to her assertion, the Commission had no obligation to conduct an independent review to determine whether respondent had set such guidelines. The Commission's decision on this issue was not arbitrary, capricious, or unreasonable. See Stallworth, supra, 208 N.J. at 194.

Appellant next challenges respondent's October 5, 2015 notice, setting the salary range for principal buyer at $37,500 to $60,000, on the basis it is an improper and arbitrary figure. However, because this issue was not before the Commission in its July 2015 decision, we decline to consider it here.

Finally, appellant argues respondent's decision to end its past "pattern and practice" of reimbursement for training seminars was "clearly retaliatory in nature" because it only ceased due to her numerous appeals. However, as the Commission correctly noted, respondent had no legal obligation to reimburse appellant for these seminars, even though it had done so in the past. Therefore, the Commission's rejection of appellant's claim was not arbitrary, capricious, or unreasonable. See ibid.

Any additional arguments that we have not specifically addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION