**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2570-17T1

D.A.,

      Petitioner-Appellant,

v.

DIVISION OF MEDICAL
ASSISTANCE AND
HEALTH SERVICES,

      Respondent-Respondent.

_____

Submitted December 3, 2019 – Decided January 2, 2020

Before Judges Hoffman and Firko.

On appeal from the New Jersey Department of Human Services, Division of Medical Assistance and Health Services.

SB2 Inc., attorneys for appellant (John P. Pendergast, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Stephen J. Slocum, Deputy Attorney General, on the brief).

PER CURIAM

D.A. appeals the December 26, 2017 final agency decision of the Director of the Division of Medical Assistance and Health Services (DMAHS) denying his fair hearing request as untimely, thereby establishing his eligibility for Medicaid benefits as of June 1, 2017. Petitioner's designated authorized representative (DAR) contends that the July 13, 2017 notice from the Department of Human Services, Division of Aging Services (DoAS) advising that D.A. was found clinically eligible for nursing facility care, was never received by the DAR. We affirm.

The following factual and procedural history is relevant to our consideration of the arguments advanced on appeal. On June 27, 2017, D.A., through his DAR, an employee of the nursing facility where D.A. resided, applied to the Burlington County Board of Social Services, the county welfare agency (CWA), for Medicaid benefits. Prior to submitting the application, on May 8, 2017, D.A.'s nursing facility requested pre-admission screening (PAS) on his behalf in order to establish D.A.'s clinical eligibility for benefits. The PAS was conducted on June 8, 2017.

On July 13, 2017, the DoAS provided D.A. with written notice that he was found clinically eligible for nursing facility level of care, effective June 1, 2017.

The eligibility notice was also hand-delivered to the social service desk and discharge planning staff at D.A.'s nursing facility on July 13, 2017. On July 27, 2017, the CWA provided D.A. with notice, that was also sent to his nursing facility, confirming D.A. was found eligible for benefits effective June 1, 2017.

On August 15, 2017, D.A.'s DAR requested a fair hearing in the Office of Administrative Law (OAL) relative to the July 27, 2017 eligibility notice forwarded by the CWA. On August 17, 2017, the DMAHS transmitted the DAR's request to the OAL, and a proceeding ensued.

Thereafter, on December 14, 2017, D.A.'s DAR requested a fair hearing claiming neither she nor D.A. ever received the July 13, 2017 notice from DoAS until December 13, 2017, after she contacted the Office of Community Choice Options. The DAR contended that the appeal "should be treated as timely even though it was not filed within [twenty] days of the date of the notice," mandated by N.J.A.C. 10:49-10.3. No proofs or documentation were submitted by the DAR to show the PAS was not received by her, despite her contention that the July 13, 2017 notice "was indisputably not received."

On December 26, 2017, the DMAHS denied the DAR's request for a hearing because it was not timely filed, and found:

> N.J.A.C. 10:49-10.3(a) specifically states that: "requests for hearing(s) shall be made in writing within

[twenty] days from the date of the notice of the agency action giving rise to said complaint or issue." Your request was received on December 14, 2017 which is 154 days from the July 13, 2017 notice from the [DoAS]. However, [D.A.'s] August 15, 2017 timely request for fair hearing regarding the July 27, 2017 notice from Bergen County and disputing the effective date of eligibility was transmitted to the [OAL] on August 17, 2017.

On appeal, petitioner presents the following arguments for our consideration:

I.  It Was A Violation Of Federal Law For The DMAHS To Refuse To Transmit D.A.'s Fair Hearing Request To The OAL.

II.  Respondent Has Unlawfully Denied D.A.'s Fair Hearing Request.

Petitioner argues that denial of her fair hearing request was arbitrary, capricious, and unreasonable. Further, petitioner argues that DMAHS can only refuse a fair hearing request if: (1) the applicant withdraws the request in writing, or (2) the applicant fails to appear at a scheduled hearing without good cause. 42 C.F.R. § 431.223. According to petitioner, neither of these circumstances apply here. We disagree.

"Appellate review of an agency's determination is limited in scope." K.K. v. Div. of Med. Assistance & Health Servs., 453 N.J. Super. 157, 160 (App. Div. 2018) (quoting Circus Liquors, Inc. v. Governing Body of Middletown Twp.,

199 N.J. 1, 9 (2009)). "In administrative law, the overarching informative principle guiding appellate review requires that courts defer to the specialized or technical expertise of the agency charged with administration of a regulatory system." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). We are thus bound to uphold the administrative agency decision "unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." Ibid. (citing In re Herrmann, 192 N.J. 19, 28 (2007)).

In fact, "[w]here [an] action of an administrative agency is challenged, 'a presumption of reasonableness attaches to the action . . . and the party who challenges the validity of that action has the burden of showing that it was arbitrary, unreasonable or capricious.'" Barone v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 210 N.J. Super. 276, 285 (App. Div. 1986) (quoting Boyle v. Riti, 175 N.J. Super. 158, 166 (App. Div. 1980)).

"Deference to an agency decision is particularly appropriate where interpretation of the Agency's own regulation is in issue." I.L. v. N.J. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 389 N.J. Super. 354, 364 (App. Div. 2006); see also Estate of F. K. v. Div. of Med. Assistance &

Health Servs., 374 N.J. Super. 126, 138 (App. Div. 2005) (indicating that we give "considerable weight" to the interpretation and application of regulations by agency personnel within the specialized concern of the agency). "On the other hand, an appellate court is 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" R.S. v. Div. of Med. Assistance & Health Servs., 434 N.J. Super. 250, 261 (App. Div. 2014) (quoting Mayflower Sec. Co. v. Bureau of Sec. in Div. of Consumer Affairs of Dep't of Law & Pub. Safety, 64 N.J. 85, 93 (1973)).

"Medicaid was created by Congress in 1965 to 'provide medical services to families and individuals who would otherwise not be able to afford necessary care.'" S. Jersey Family Med. Ctrs. Inc. v. City of Pleasantville, 351 N.J. Super. 262, 274 (App. Div. 2002) (quoting Barney v. Holzer Clinic Ltd., 110 F.3d 1207, 1210 (6th Cir. 1997)). The federal government shares the costs of medical assistance with States that elect to participate in the Medicaid program. Mistrick v. Div. of Med. Assistance & Health Servs., 154 N.J. 158, 165-66 (1998) (citing Atkins v. Rivera, 477 U.S. 154, 156-57 (1986)).

New Jersey participates in the federal Medicaid program pursuant to the New Jersey Medical Assistance and Health Services Act, N.J.S.A. 30:4D-1 to -19.5. Eligibility for Medicaid in New Jersey is governed by regulations adopted

in accordance with the authority granted by N.J.S.A. 30:4D-7 to the DHS Commissioner. DMAHS is the DHS agency that administers the Medicaid program. N.J.S.A. 30:4D-5, -7; N.J.A.C. 10:49-1.1(a). Accordingly, DMAHS is responsible for safeguarding the interests of the New Jersey Medicaid program and its beneficiaries, N.J.A.C. 10:49-11.1(b), and is required to manage the State's Medicaid program in a fiscally responsible manner. See Dougherty v. Dep't of Human Servs., Div. of Med. Assistance & Health Servs., 91 N.J. 1, 5 (1982).

In this appeal, the sole issue is whether DMAHS reasonably denied the DAR's December 14, 2017 hearing request relative to the July 13, 2017 notice as untimely. N.J.A.C. 10:49-10.3(b)(3) provides:

> (b) An opportunity for a fair hearing shall be granted to all claimants requesting a hearing because their claims for medical assistance are denied or are not acted upon with reasonable promptness, or because they believe the Medicaid Agent or NJ FamilyCare-Plan A program has erroneously terminated, reduced or suspended their assistance. The Medicaid Agent or NJ FamilyCare program need not grant a hearing if the sole issue is one of a Federal or State law requiring an automatic termination, reduction or suspension of assistance affecting some or all claimants. Under this requirement:
>
> . . . .

> 3. Claimants shall have [twenty] days from the date of notice of Medicaid Agent or NJ FamilyCare program action in which to request a hearing . . . .

Thus, the regulations clearly establish that a petitioner must timely request a fair hearing, otherwise the opportunity is foreclosed. Here, our careful review of the record shows that DoAS provided notice to D.A. and hand-delivered the July 13, 2017 notice to D.A.'s nursing facility on that date. Nothing has been presented by petitioner to refute service.

We have long held the "fundamental policy consideration of the need for assurance to litigants of finality in litigation and its relation to the expiration of the time allowed for appeal." In re Appeal of Syby, 66 N.J. Super. 460, 464 (App. Div. 1961). The goal of the legislation is to allow DMAHS to rely upon its decisions, which are not contested after expiration of the twenty-day period.

We also reject petitioner's argument that DMAHS cannot enforce the twenty-day time limit set forth in N.J.A.C. 10:49-10.3. The federal regulation that is controlling, 42 C.F.R. § 431.221, authorizes states to place time limits on the submission of hearing requests. The time limit can be less than, but not more than ninety days. See 42 C.F.R. § 431.221(d). Therefore, the twenty-day limit is not a violation of the federal regulations.

In summary, we conclude that DMAHS did not act arbitrarily, capriciously, or unreasonably in applying Medicaid eligibility regulations, and the record contains substantial evidence to support the conclusion reached by DMAHS.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2570-17T1