**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1435-19

IN THE MATTER OF MICHAEL
ACOSTA, POLICE LIEUTENANT
(PM0971A), WEST NEW YORK.

_____

Submitted March 17, 2021 – Decided April 12, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the New Jersey Civil Service Commission, Docket No. 2020-800.

Scott D. Finckenauer, attorney for appellant Michael Acosta.

Gurbir S. Grewal, Attorney General, attorney for respondent New Jersey Civil Service Commission (Sookie Bae-Park, Assistant Attorney General, of counsel; Debra A. Allen, Deputy Attorney General, on the brief).

DeCotiis, Fitzpatrick, Cole & Giblin, LLP, attorneys for respondent Town of West New York (Andres Acebo, of counsel; Gregory J. Hazley, on the brief).

PER CURIAM

Appellant Michael Acosta is a sergeant in the West New York Police Department. He appeals from an October 29, 2019 final agency decision of the Civil Service Commission (the Commission) denying his request for leave to submit a late application for the promotional examination for lieutenant. Acosta claims the agency's decision was arbitrary and capricious and unsupported by substantial credible evidence in the record. We affirm.

We derive the following facts from the record. On July 1, 2019, the Commission published notice of a promotional examination for the position of police lieutenant in the West New York Police Department (the Department), which listed an application deadline of July 22, 2019. The notice also listed a closing date of September 30, 2019, the date by which applicants were required to establish their eligibility for the position. The notice provided instructions for the application process and directed interested applicants to request an orientation guide from the Commission. The notice further instructed interested applicants to check the Commission's website "for updated information concerning test dates and other information concerning the testing process."

The promotional examination announcement was emailed to all police supervisors in the Department, including Acosta, and posted on the

Commission's website. The announcement was also displayed on the police union's bulletin board in the Department's headquarters.

Acosta did not submit a timely application for the examination. Instead, on August 20, 2019, some twenty-nine days after the application deadline, Acosta requested leave to file a late application, claiming he was unaware of the application deadline. Acosta asserted that the Taurus station he was assigned to had poor internet connection. He explained that July had been a very stressful month for him because he was in the process of having a baby through a surrogate. Acosta further claimed he was unaware that the Department had changed its application process.

On September 10, 2019, the Commission denied the request, explaining:

> N.J.A.C. 4A:4-2.1(e) states that applications for promotional examinations shall be filed no later than the announced filing deadline. The Police Lieutenant announcement for West New York (PM0971A) was posted on the [N.J.] Civil Service website [twenty-four] hours each day during the [twenty-one-]day posting period . . . Additionally, Director Flores provided a copy of the departmental order sent via email by former Director Antolos to "All Police Supervisors" on July 1, 2019, advising them of the Police Captain and Lieutenant promotional announcements. Included with the order were links to both announcements, and the announcements included directions for filing an application. Director Flores confirmed that since you are a supervisor, you were sent this memorandum via email. Finally, you indicated that you received the

email but, due to several reasons, you did not open the email until after the filing deadline.

The Commission concluded there was no "substantial basis on which to relax" N.J.A.C. 4A:4-2.1(e) and allow Acosta to file a late application.

On September 11, 2019, Acosta appealed the denial. Acosta claimed that he was assigned to work at the Taurus station on June 30, 2019, and "was unaware that [the] station had issues with the email system." Despite regularly checking his email, Acosta claimed that the problem with the email system caused him to not see the email from the Department about the promotion. Acknowledging the Department sent the email, Acosta contended it was impossible for him to access it at the Taurus station.

In addition, Acosta claimed circumstances prevented him from reporting to the Department headquarters to check his emails during the entirety of the notice period. He stated that he was assigned to both the "youth academy program" and "the carnival and can drive fundraisers" during the notice period. Also, he explained he was stressed and distracted during the time because he and his partner "were in the process of achieving a pregnancy" through a surrogate.

Acosta alleged that he discovered the faulty email system in August and reported the problem to "tech support" right away. He claims he contacted the

 A-1435-19

Commission as soon as he learned about this issue and requested permission to submit a late application and take the exam.

On October 29, 2019, the Commission issued a final agency decision denying Acosta's request. In its decision, the Commission found the notice "was issued on July 1, 2019 with an application filing deadline of July 22, 2019 and all on-line applications had to have been received by that date." The Commission noted that the notice announced that the Police Lieutenant exam was administered on October 10, 2019.

The Commission first recited appellant's explanations and noted that he submitted supporting documentation, including: (1) "a photo of what he purports to be his email inbox and the unread email containing the announcement"; and (2) an email dated September 11, 2019 from purchasing agent Xenia Rivero, which stated, "I want to bring to your attention that there were issue[s] in the fios email at 5814 Park Ave.[,] West New York, [N.J.] during July and August[.] [T]hey had u[s] down as a regular business[,] not as Government[, and] therefore[,] it was disconnected."

The Commission then considered the arguments made by West New York. West New York submitted: (1) a copy of an email sent on August 21, 2019 from Police Director Mark Flores to Agency Services; (2) September 27, 2019 reports

5

by Sergeant Karriem Shabazz, a Technical Services supervisor, regarding the email system and linked mobile devices; and (3) the Standard Operating Procedure for the West New York Police Computer Network and Enforsys Operating System.

The Commission noted that a letter dated October 2, 2019 from West New York's attorney read, "the Town appropriately notified all eligible candidates of the promotional examination. . . . An email was sent out on July 1, 2019, and a notice was promptly posted outside the Police Director's office [on] the Union's bulletin board." The Commission also referenced a report dated September 27, 2019 by Sergeant Shabazz, in which he explained that there were "issues with email during June and July, with the longest outage being on July 18 for a time period of 54 minutes." He explained that "[t]he system itself was operational" and "[i]f parties had individual concerns regarding the time it took to open their emails, etc., [he] was not made aware of it." The Commission noted that "Sergeant Shabazz also indicate[d] that there were no problems with the email system[,] specifically in the Juvenile Division [at the Taurus Station] in July 2019[,] as 'the Juvenile Division accesses the same Exchange server and network [as headquarters], except they . . . us[e] a VPN.'" Additionally, the Commission

explained that the report revealed Acosta received eight emails on July 1, 2019—four of which he opened.

The Commission referenced a second September 27, 2019 report by Sergeant Shabazz, which revealed:

> the Microsoft ActiveSync Manage Mobile Phone Utility indicate[d] that a mobile device was synchronized with Acosta's work email on April 27, 2019 and last synchronized on September 18, 2019 and a second mobile device was synchronized with Acosta's work email on July 12, 2019 and last synchronized on September 21, 2019.

The Commission noted West New York contended "that 'the record does not support any justifiable neglect or technical issues with Acosta's access to his work emails, particularly when he has multiple mobile devices connected to the Department's email network' . . . [and] 'the email system is available to officers during non-working hours.'" The Commission explained that West New York requires officers to "check their email at least once during their shift on every tour" and that "all members are to remain current with their emails by checking it at least once during their shift." The Commission quoted West New York's argument that "Acosta fail[ed] to demonstrate how an alleged technical delay in the email system resulted in him not being able to view emails generally, and subject the emails specially, for at least 22 days."

7

After considering the parties' arguments and submissions, the Commission denied appellant's request for leave to submit a late application for the promotional examination. The Commission explained:

> With respect to the appellant's claim that he was unable to access his email during the application filing period, West New York provides reports from the Technical Services supervisor that the email system was operational[,] and while there were some outage issues during July, he was not made aware of any issues regarding opening email messages. The Technical Services supervisor further indicated that there were no problems specifically with the email system in the Juvenile Division in July 2019. In addition, Acosta does not claim that the appointing authority did not send an email regarding the subject exam prior to the July 22, 2019 application filing deadline. See N.J.A.C. 4A:4-2.1(b).

> Furthermore, . . . in his email sent August 20, 2019 to the Agency Services, Acosta indicated that he was preparing for the Police Lieutenant examination by taking a study course. It is noted that the Examination Information Alert Police Promotional Schedule (2019) (EIA) issued by the Division of Test Development and Analytics in January 2019 and available on the Commission website, indicated that announcements for Police Lieutenant were to be issued on July 1, 2019 and the application filing deadline would be July 22, 2019. Since Acosta was in anticipation of and preparing for the subject test, it is not clear from the record as to why he was unaware of the application filing deadline, even assuming that he was unable to access his email at the Outreach station for [twenty-two] days, given the available resources on the Commission's website in

8

addition to the two mobile devices Acosta had linked to his work email account.

[(footnote omitted).]

This appeal followed. Acosta argues that the Commission's decision was arbitrary and capricious and unsupported by substantial credible evidence in the record. He claims he demonstrated good cause to relax the regulations. We find no merit in his argument and affirm substantially for the reasons expressed by the Commission in its final decision. R. 2:11-3(e)(1)(E). We add the following comments.

A final determination of an administrative agency is entitled to deference. In re State & Sch. Emps.' Health Benefits Comm'ns' Implementation of Yucht, 233 N.J. 267, 279 (2018) (citing Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). A reviewing court will only reverse the agency's decision if it is arbitrary, capricious, or unreasonable or it is not supported by substantial credible evidence in the record. Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963).

In determining if an agency's decision is arbitrary, capricious, or unreasonable, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains

> substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

"The burden of showing the agency's action was arbitrary, unreasonable or capricious rests upon the appellant." Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993).

The Legislature authorized the Commission to "establish and supervise the selection process" for civil service employment. N.J.S.A. 11A:2-11(f). See also N.J.S.A. 11A:4-1.2 (authorizing the Commission to promulgate regulations for selection and appointment). The Commission must provide for "[t]he announcement and administration of examinations which shall test fairly the knowledge, skills and abilities required to satisfactorily perform the duties of a title." N.J.S.A. 11A:4-1(a).

"[A]pplications for open competitive and promotional examinations shall be submitted to the Civil Service Commission no later than 4:00 [p.m.] on the announced application filing date." N.J.A.C. 4A:4-2.1(e). For police officers, make-up examinations for open competitive and general promotional testing may only be authorized for the following reasons: (1) debilitating injury or

10

illness requiring an extended period of recovery; (2) "[d]eath in the candidate's immediate family"; (3) "[a] candidate's wedding which cannot be reasonably changed"; (4) "[w]hen required for certain persons returning from military service"; and (5) "[e]rror by the . . . Commission or appointing authority." N.J.A.C. 4A:4-2.9(b).

In addition, the Commission "may relax these rules for good cause in a particular situation, on notice to affected parties, in order to effectuate the purposes of [the Civil Service Act]." N.J.A.C. 4A:1-1.2(c). A valid excuse for the delay and a showing that the delay was reasonable is required. See Appeal of Syby, 66 N.J. Super. 460, 464 (App. Div. 1961) ("Mere negligent overlooking of the time requirements is not excusable neglect or mischance.").

N.J.A.C. 4A:4-2.1(e) makes clear that applications for promotional exams must be submitted on or before the announced deadline. Acosta failed to submit a timely application. His application was filed twenty-nine days past the application deadline.

The Commission's decision was consonant with the regulations. Substantial credible evidence in the records supports the Commission's findings that: (1) "[t]he Technical Services supervisor further indicated that there were no problems specifically with the email system in the Juvenile Division in July

11

2019"; (2) "it is not clear from the record as to why [Acosta] was unaware of the application filing deadline" if he had been anticipating and preparing for the exam and had other means to access the announcement; and (3) even assuming that he was unable to access his email at the Taurus station during the application period, Acosta had access to his work email account through two mobile devices and had access to the resources on the Commission's website, which contained the application deadline.

Acosta failed to demonstrate good cause to justify relaxing the July 22, 2019 filing deadline for applications to sit for the promotional exam. See N.J.A.C. 4A:1-1.2(c). He also failed to provide a valid reason for the Commission to allow him to take a make-up exam. See N.J.A.C. 4A:4-2.9(b).

We are convinced that the Commission's decision was not arbitrary, capricious, or unreasonable and was supported by substantial credible evidence in the record. We discern no basis to overturn its decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1435-19