**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3316-22

IN THE MATTER OF
SHREEKK CRAWFORD,
ESSEX COUNTY, DEPART-
MENT OF CORRECTIONS.

Submitted October 7, 2024 – Decided October 17, 2024

Before Judges Sabatino and Jacobs.

On appeal from the New Jersey Civil Service Commission, Docket No. 2023-1566.

Caruso Smith Picini, attorneys for appellant (Timothy R. Smith, of counsel; Zinovia H. Stone, on the briefs).

Chiesa Shahinian & Giantomasi, PC, attorneys for respondent County of Essex (Courtney Gaccione, of counsel and on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Civil Service Commission (Brian D. Ragunan, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

The narrow issue in this appeal concerns the timeliness of an administrative appeal to the Civil Service Commission ("CSC") of the discipline of Shreekk Crawford, an Essex County corrections officer. For the reasons that follow, we affirm the CSC's final agency decision concluding that Crawford's administrative appeal was not timely filed.

The relevant background can be concisely recited. In March 2022 the County served upon Crawford a Preliminary Notice of Disciplinary Action ("PNDA") charging him with insubordination and other improper conduct. A hearing officer upheld several of the charges but reduced the proposed discipline from a sixty-day suspension to a twenty-day suspension. The county's Final Notice of Disciplinary Action ("FNDA") reflects that disposition was issued by the County on November 4, 2022. After the County initially mailed the FNDA to an incorrect address, it is undisputed that Crawford received the FNDA on November 28, 2022.

Under the applicable statute, an administrative appeal of an FNDA must be filed with the CSC no later than twenty days from receipt of the appointing authority's final written determination:

> Any appeal from adverse actions specified in N.J.S.[A.] 11A:2-13 and subsection a.(4) of N.J.S.[A.] 11A:2-6 <u>shall be made in writing to the [CSC] no later than 20</u>

> days from receipt of the final written determination of the appointing authority. If the appointing authority fails to provide a written determination, an appeal may be made directly to the [CSC] within reasonable time.
>
> [N.J.S.A. 11A:2-15 (emphasis added).]

Here, because the FNDA was received by Crawford on November 28, 2022, his deadline for filing an administrative appeal with the CSC was December 19, 2022, taking into account weekends and holidays. N.J.S.A. 11A:2-15; see also N.J.A.C. 4A:2-2.8 (a parallel regulation codifying the twenty-day deadline).

Crawford retained a law firm to represent him in this disciplinary matter and file an administrative appeal on his behalf. According to certifications from an attorney at that firm and an employee who worked in the firm's mail room, the firm contends it mailed out an appeal to the CSC on December 16, 2022, by certified and regular mail. However, the CSC did not receive those supposed mailings. The certifications do not attach or cross-reference any postal tracking numbers substantiating that the appeal was indeed mailed on that date.

In a letter postmarked December 29, 2022, the firm sent out what it describes as a second mailing to the CSC, along with a check for the filing fee. The CSC deemed that submission untimely and accordingly rejected the appeal. Crawford moved for reconsideration, which the CSC denied.

On appeal, Crawford argues the CSC acted arbitrarily and capriciously in deeming his administrative appeal untimely. He contends the agency should have accepted his appeal and relaxed the deadline under the circumstances.

Our scope of review of the agency's decision is narrow. Parsells v. Bd. of Educ. of Borough of Somerville, Somerset County, 254 N.J. 152, 162 (2023); In re Herrmann, 192 N.J. 19, 27 (2007). The "final determination of an administrative agency . . . is entitled to substantial deference." In re Eastwick College LPN–to RN Bridge Program, 225 N.J. 533, 541 (2016); see also In re Carroll, 339 N.J. Super. 429, 437 (App. Div. 2001) (finding a "strong presumption of reasonableness attaches to the actions of the administrative agencies" (citation omitted)).

"[A]n appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence." In re Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 422 (2008). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the

4

administrative action." In re Arenas, 385 N.J. Super. 440, 443–44 (App. Div. 2006).

We agree with the CSC and the County that Crawford has failed to meet his burden to demonstrate that the agency's enforcement of its filing deadline was arbitrary and capricious. The record lacks corroborating evidence, such as postal tracking documentation, that the appeal was in fact timely mailed on December 16, 2022.

Crawford cites to a CSC regulation, N.J.A.C. 4A: 1-1.2(c), which states the CSC "may" relax deadlines for "good cause." The term "may" within that regulation signifies that whether to approve such relaxation lies within the CSC's discretion. "Although there may be exceptions," courts "customarily deem the term 'may' within a [codified provision] to connote something that is not obligatory." State v. Gomes, 253 N.J. 6, 29 (2023).

As we have noted, Crawford never supplied a postal tracking number or other postal documentation to substantiate that a certified mailing was actually made in a timely manner on December 16, 2022. The CSC did not abuse its discretion in deeming the appeal untimely without such documentation. The agency had the prerogative to conclude there was no "valid excuse for the delay" and no "substantial and meritorious question" of compliance had been presented.

In re Appeal of Syby, 66 N.J. Super. 460, 463 (App. Div. 1961). The agency undoubtedly receives a voluminous number of appeals every year, and it has a valid public interest in discouraging late filings that are not justified by appropriate documentation of good cause.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION